Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
Kristofer T. Noneman, OSB #224630
Email: kristofer@elpnw.com
**EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC**
20015 SW Pacific Hwy., Suite 221
POB 1309
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff Erica L. Bomar

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ERICA L. BOMAR**, an individual, | Case No. 3:23-cv-00046 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **JAMY M. CHRISTENSEN**, individually and in her official capacity of City of Tillamook Human Resources Director, **CHIEF RAYMOND K. RAU**, individually and in his official capacity of Tillamook City Chief of Police, **NICKALAUS L. TROXEL**, individually and in his official capacity as a Tillamook Police Department Officer, **NATHAN B. GEORGE**, individually and in his official capacity as City of Tillamook City Manager, and **CITY OF TILLAMOOK,** a political subdivision of the State of Oregon, | **Violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. §§2000e** *et seq.***; Violation of Equal Pay Act 29 U.S.C. §§206** *et seq.***; Violation of Fair Labor Standards Act of 1938 29 U.S.C. §§201** *et seq.***; Prohibition of Discriminatory Wage Rates Based on Sex ORS §652.220; Prohibition of Discrimination because of Wage Claim or Refusal to Work Additional Hours ORS §652.355; Discrimination on Basis of Gender ORS §659A.030; Whistleblower Retaliation ORS §659A.199; Whistleblower Retaliation ORS §659A.203; Discrimination for Initiating Civil Proceedings ORS §659A.230; Discrimination based on Wage Inquiry or Wage Complaint ORS §659A.355; Intentional Infliction of Emotional Distress** |
| Defendants. | **Claim: $2,500,000.00** <br> **Filing Fee: $402.00** <br><br> **DEMAND FOR JURY TRIAL** |

PAGE 1 – **COMPLAINT**

Plaintiff Erica Bomar ("Plaintiff"), by and through her attorneys, does hereby state and allege as follows:

## I.    INTRODUCTION

1.

This is a civil rights and employment case involving violations of Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Fair Labor Standards Act, Discriminatory Wage Rates based on Sex, Discrimination for filing a Wage Complaint, Discrimination on the Basis of Sex, Whistleblower Retaliation, and Intentional Infliction of Emotional Distress, which resulted in Erica L. Bomar's ("Plaintiff") termination from her employment with the City of Tillamook (the "City"), working for the City of Tillamook Police Department ("TPD").

This termination of employment resulted in Plaintiff sustaining a loss of professional reputation, humiliation, physical and emotional distress, and economic damages. Defendants violated Plaintiff's fundamental rights when they retaliated against Plaintiff for her good faith reporting of another TPD Officer committing sexual battery and the City's unlawful employment practices, Plaintiff's involvement in investigating a fellow TPD employee's sexual assault claim, and Plaintiff's filing of claims with the Oregon Bureau of Labor and Industries ("BOLI") and the United States Equal Employment Opportunity Commission ("EEOC").

Defendants' adverse employment actions include placing Plaintiff on administrative leave, subjecting her to unwarranted ridicule in the form of an internal affairs investigation, and eventually terminating her employment. Plaintiff seeks compensation for the numerous losses caused by the misconduct of the City (as the legal entity encapsulating TPD), City Human

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Resources Director, Jamy M. Christensen ("Christensen"), TPD Lieutenant Nickalaus L. Troxel ("Troxel"), City Chief of Police Raymond K. Rau ("Rau"), and City Manager Nathan B. George ("George" or the "City Manager").

## II.   JURISDICTION AND VENUE

2.

This is an action for violations of Title VII of the Civil Rights Act of 1964 brought under 42 U.S.C. §§ 2000e *et seq.*, the Equal Pay Act, 29 U.S.C. §§ 206 *et seq.*, and the Fair Labor and Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* This Court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367.

3.

Venue in this district is proper under 28 U.S.C. § 1391(b) and Local Rule 3-2 because the Defendant is in this District and Division, and the events or omissions giving rise to Plaintiff's claims occurred within this District and Division.

## III.   THE PARTIES

4.

At all material times herein, Plaintiff was and is a citizen of Oregon, employed by the City, through the TPD, as a Police Lieutenant.

5.

At all material times herein, the TPD was a department of Defendant City, which was and is a political subdivision of the State of Oregon. TPD and the City are public employers. The City,

PAGE 3 – **COMPLAINT**

through TPD, continually employed Plaintiff from 1999 until her termination on November 22, 2021.

6.

At all material times herein, Defendant George, was and is a citizen of Oregon, employed by the City as the City Manager.

7.

At all material times herein, Defendant Rau was and is a citizen of Oregon, employed by the City through TPD, as the Chief of Police.

8.

At all material times herein, Defendant Christensen was and is a citizen of Oregon, employed by the City as the Human Resources Director.

9.

At all material times herein, Defendant Troxel was and is a citizen of Oregon, employed by the City through TPD as a Sergeant or Lieutenant.

## IV.    COMPLIANCE WITH ORS 30.275 – OREGON TORT CLAIMS NOTICE

10.

Plaintiff has complied with the applicable notice requirements under ORS 30.275.

11.

On or about August 6, 2021, Plaintiff, through counsel, provided written notice to the City regarding intent to commence legal action and giving the City notice of tort claims. The Tort Claim Notice was sent via United States Postal Service Certified Mail. Certified Mail Return Receipts

PAGE 4 – **COMPLAINT**

indicate that the City and George received the Tort Claim Notice on August 9, 2021, and Rau received the Tort Claim Notice on August 10, 2021.

12.

On or about May 13, 2022, Plaintiff, through counsel, provided a supplemental written notice to the City regarding additional tort claims. The supplemental Tort Claim Notice was sent via United States Postal Service Certified Mail. Certified Mail Return Receipts indicate that the City, George, and Rau all received the supplemental Tort Claim Notice on May 16, 2022.

13.

On or about June 18, 2021, Plaintiff, filed a Wage and Hour Complaint with BOLI, and notified City that she filed this complaint.

14.

On or about October 14, 2021, Plaintiff, by and through her counsel, filed a Civil Rights Complaint with BOLI and cross-filed this Complaint with the EEOC. This Complaint was given BOLI Case Number EPEMSX211014-42121, and EEOC Case Number 38D-2022-00055C.

15.

On or about July 19, 2022, Plaintiff, filed a companion Civil Rights Complaint regarding her termination from the City with BOLI and cross-filed this Complaint with the EEOC. This Complaint was given BOLI Case Number EEEMSX220719-41021, and EEOC Case Number 38D-2022-00661.

16.

On or about October 14, 2022, BOLI issued a determination in BOLI Case Number EPEMSX211014-42121 ("BOLI 1"), indicating that "Substantial Evidence" exists to show the

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

City had committed employment actions in violation of ORS §§ 652.220, 652.355, 659A.030(1)(b), and 659A.030(1)(f), and providing Plaintiff with a 90-day Right to Sue Notice. (Exhibit 1).

17.

On or about December 29, 2022, BOLI issued a determination in BOLI Case Number EEEMSX220719-41021 ("BOLI 2"), indicating that "Substantial Evidence" exists to show the City had committed employment actions in violation of ORS §§ 652.355, 659A.030(1)(a) (b), 659A.030(1)(f), 659A.203, and 659A.355, and providing Plaintiff with a 90-day Right to Sue Notice. (Exhibit 2).

18.

BOLI 1 and BOLI 2 have been withdrawn by the Plaintiff to file this action. At the time of this filing, Plaintiff had not received the Right to Sue letters from the EEOC in EEOC Case Number 38D-2022-00055C, which is the EEOC Case Number associated with BOLI 1, and EEOC Case Number 38D-2022-00661, which the EEOC Case Number associated with BOLI 2. These Right to Sue letters from EEOC should be forthcoming.

## V.    FACTUAL ALLEGATIONS

19.

Plaintiff worked for the City, at TPD, for over twenty-two (22) years. During her time with TPD, Plaintiff was never investigated for any misconduct, nor had she been disciplined, prior to the events leading up to her termination.

///

///

PAGE 6 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

20.

Plaintiff began her employment with TPD in 1999 as a police officer. In or around April 2012, Plaintiff was promoted to the rank of Sergeant. In or around July 2020, Plaintiff was involuntarily reclassified to the rank of Lieutenant. At the time of her reclassification, Plaintiff was not informed that the Lieutenant position was an exempt position and ineligible to receive overtime pay.

21.

Prior to Plaintiff's reclassification, TPD did not have a Lieutenant position, and after her reclassification, Plaintiff served as TPD's only Lieutenant. As both Sergeant and Lieutenant, Plaintiff, was second-in-command to the TPD Chief of Police.

22.

Prior to being reclassified as the Lieutenant, Plaintiff was a Sergeant. At that time, Sergeants were not eligible for membership with the TPD police officers' union. After Plaintiff was reclassified to Lieutenant, Defendant Troxel was promoted to Sergeant as Plaintiff's replacement. Troxel was deemed eligible for membership with the TPD police officers' union, and received union benefits, even though he was now a Sergeant.

23.

While Plaintiff was a Sergeant, Plaintiff was eligible for and received overtime pay. When Plaintiff was reclassified as a Lieutenant, Plaintiff continued to receive overtime pay and was not informed she was an exempt employee until an email from Rau forwarding an email from George on or about May 25, 2021.

///

PAGE 7 – **COMPLAINT**

24.

During her employment at TDP, Plaintiff made multiple complaints to the City and City leadership that male officers in the TPD were going outside the chain of command and circumventing her authority. On information and belief, this insubordinate conduct was a response to Plaintiff's gender. On information and belief, the City, Chief Wright, and Chief Rau, facilitated, and thereby encouraged, this insubordinate conduct by male officers.

25.

Between May 2020 and October 2020, TPD office manager, Molly Folkema ("Folkema"), filed multiple complaints alleging that TPD Officer, Lynn Lothman ("Lothman"), had sexually harassed or assaulted Folkema at the TPD office.

26.

In or about October 2020, TPD Chief of Police, Terry Wright ("Chief Wright"), assigned Plaintiff to interview Folkema about her sexual harassment complaints against Lothman. Plaintiff interviewed Folkema and eventually escalated the matter to Oregon State Police ("OSP") for investigation of potential criminal charges against Lothman. Lothman was placed on administrative leave during the investigation.

27.

On information and belief, Lothman was investigated by outside investigator Timothy Doney ("Doney"). On information and belief, Doney's investigation of Lothman was limited to the initial complaints made by Folkema, and Doney only interviewed Lothman, Folkema, and Chief Wright, and did not interview Plaintiff.

///

PAGE 8 – **COMPLAINT**

28.

On or about April 23, 2021, Rau became the TPD Interim Chief of Police, replacing the outgoing Chief Wright.

29.

Once Rau became the Chief, Plaintiff felt her command authority was further diminished and her position became mostly clerical.

30.

On or about April 26, 2021, George sent an email to Rau and Christensen indicating that in order to conform with the Fair Labor Standards Act, effective May 1, 2021, all exempt employees will only receive their salary and not be entitled to overtime. Plaintiff was previously not informed that the Lieutenant position was a exempt position or that Plaintiff was not entitled to receive overtime pay.

31.

On or about May 3, 2021, Folkema was terminated from her employment with TPD. Folkema's previous administrative leave and subsequent termination led to Plaintiff's position becoming more clerical as she was by default responsible for tasks that had previously been handled by Folkema, who had been the TPD Office Manager.

32.

On or about May 4, 2021, Plaintiff was at City Hall for a department head meeting with George. Coincidentally, Folkema was also at City Hall attempting to collect her final paycheck after being terminated by the City.

///

PAGE 9 – **COMPLAINT**

33.

A City Hall employee refused to give Folkema her final paycheck until Folkema handed over her keys to the TPD office. The City Hall Employee requiring Folkema to hand over her keys did not have the security clearance required to possess keys to the TPD office, so Folkema did not want to give her keys to that City Hall employee. On information and belief, George had instructed the City Hall employee to withhold Folkema's check until Folkema turned over her keys. On observing the situation, Plaintiff indicated it would be unlawful to withhold Folkema's final paycheck and stepped in and accepted Folkema's TPD office keys on behalf of the TPD, since Plaintiff held the required security clearance. This facilitated a resolution to allow Folkema to receive her final paycheck.

34.

On or about May 4, 2021, Plaintiff was notified that George and Christensen wanted to meet with her to discuss her actions in resolving Folkema's key and paycheck issue. The meeting was eventually scheduled for June 16, 2021.

35.

On or about May 10, 2021, in response to Plaintiff opposing George's unlawful conduct and helping Folkema receive her final paycheck, and after having raised raising concerns regarding her overtime pay, gender discrimination, and harassment, on multiple occasions, Plaintiff was issued a letter of expectation by Rau. This letter of expectation indicated that Plaintiff was expected to "support and follow management decisions."

///

///

PAGE 10 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

36.

On or about May 25, 2021, Rau forwarded to Plaintiff the email from George dated April 26, 2021, indicating that Plaintiff was an exempt employee and not allowed to receive overtime pay. Plaintiff continued to track and report her overtime hours to Christensen, but Plaintiff's overtime hours were removed from her timecards without her consent. Plaintiff did not receive her overtime pay and raised concerns about her unpaid overtime to Rau and the City multiple times.

37.

In response to the BOLI 1 investigation, Defendants provided a job description for the Lieutenant's position that did not indicate exempt or nonexempt status, nor overtime eligibility or ineligibility. Defendants also provided the non-union pay scale from the relevant Collective Bargaining Agreement ("CBA"), effective in July of 2020, which identifies non-represented positions as exempt, or confidential. The Lieutenant position is listed as confidential, but not listed as exempt.

38.

On or about June 4, 2021, while the investigation of Lothman was ongoing, Christiansen sent an email to TPD Counsel about Lothman's notice of pre-discipline, stating, "[a]fter speaking with Nathan [George] today we want to get this going now. The Molly [Folkema] situation is taking forever and we need Lynn [Lothman] back."

39.

On or about June 7, 2021, Lothman was given notice of his pre-discipline hearing that was scheduled for June 16, 2021, proposed a 5-day suspension without pay as punishment, and included a full copy of Doney's investigation report.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

40.

On or about June 16, 2021, Lothman had his pre-discipline hearing. On information and belief, the investigation report by Doney indicated that none of the 12 allegations against Lothman were "Unfounded," that 8 of them were found to be "Sustained," and that Lothman refused to accept responsibility for his actions. On information and belief, despite the Doney report's confirmation of Lothman's egregious behavior, George decided a 5-day suspension was too harsh, and Lothman was issued a written reprimand and immediately reinstated. On information and belief, during that pre-discipline hearing, Lothman's counsel complained that Plaintiff was biased in her investigation of Folkema's sexual harassment complaints against Lothman.

41.

On or about June 16, 2021, Plaintiff, and her legal counsel, met with George and Christensen. At this meeting, Plaintiff was issued a written reprimand. The written reprimand indicated that Plaintiff was being punished for her conduct on May 4, 2021, in helping resolve the issue where City employees were unlawfully withholding Folkema's final paycheck.

42.

This issuance of a written reprimand on June 16, 2021, was in violation of Plaintiff's due process rights under ORS 236.360. Plaintiff was not allowed to present witnesses, ask questions, or provide any response before being issued the written reprimand. Neither Plaintiff nor her legal counsel was given a copy of the reprimand prior to the meeting. The reprimand references an internal investigation that allegedly took place, leading to the reprimand being issued; however, Plaintiff was never notified of any investigation, nor was she ever interviewed as part of that investigation. On information and belief, no investigation of Plaintiff had been conducted.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

43.

On or about June 18, 2021, Plaintiff wrote a letter in response to Rau's letter of expectation dated May 10, 2021, restating her opposition to the unlawful and discriminatory conduct of the City, George, and Rau. Plaintiff asked that her response be included in her personnel file as required under ORS §652.750(7)(b). On information and belief, neither the letter of expectation, nor Plaintiff's response, is contained in her personnel file.

44.

On or about June 18, 2021, Plaintiff filed a wage and hour complaint over the unpaid overtime with BOLI.

45.

On or about June 18, 2021, Plaintiff emailed Rau to notify him that she believed the City's withholding of her overtime pay was unlawful, and that she had filed a BOLI complaint regarding her unpaid overtime wages.

46.

On or about June 18, 2021, Plaintiff made a written request for her personnel file under ORS 652.750.

47.

On or about June 21, 2021, Rau was sworn in as the permanent TPD Chief of Police. On information and belief, there was no outside search done to recruit or select other qualified candidates.

///

///

PAGE 13 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

48.

On or about June 21, 2021, George gave Plaintiff notice that she was being placed on paid administrative leave, effective immediately. Plaintiff was not given any reason for this leave except that a "complaint has been filed and an internal affairs investigation has been opened." The leave notice did not indicate how long the leave might last. On information and belief, the complaint that George referenced in this notice is the one made by Lothman's counsel during Lothman's pre-discipline hearing on June 16, 2021.

49.

On or about June 22, 2021, Lothman returned to work from his administrative leave.

50.

During the subsequent investigation BOLI 1, the investigator requested that the City provide "a copy of the complaint allegedly filed against [Plaintiff] that led to her administrative leave on June 21, 2021, including the date the complaint was filed." BOLI 1 found that in response to this request, the "[City] was unable or unwilling to provide any documentary evidence of additional information regarding the alleged complaint it received in June 2021 that to [Plaintiff] being placed on administrative leave."

51.

On or about September 20, 2021, Plaintiff was interviewed by outside internal affairs investigator Doney. Plaintiff was entitled to have her legal counsel present for this investigation interview.

///

///

PAGE 14 – **COMPLAINT**

52.

Doney's interview of Plaintiff during the internal affairs investigation was extensive and covered conduct of Plaintiff dating back decades.

53.

On or about November 15, 2021, at 4:42pm, the City, through George, provided Plaintiff with a Notice of Potential Termination letter and included a pre-termination hearing date of November 17, 2021.

54.

This November 15, 2021, Notice of Potential Termination letter, signed by George, describes the alleged policy violations of Plaintiff and the findings of Doney from the internal affairs investigation. The letter does not state that Plaintiff was untruthful or could possibly be terminated for being untruthful. The letter does not include a copy of Doney's investigation report nor the transcript of Plaintiff's interview with Doney, even though the letter indicates that the report is attached. Plaintiff was not provided with a copy of Doney's investigation report until the day before Plaintiff's pre-termination hearing and only upon the request of Plaintiff's counsel.

55.

This November 15, 2021, Notice of Potential Termination letter, signed by George accuses Plaintiff of allowing her counsel to be rude toward George during the June 16, 2021, meeting in which George issued a written reprimand to Plaintiff. The letter also indicates that Lothman's attorney had complained that Plaintiff was not impartial in investigating Folkema's sexual harassment complaints. The letter also misrepresents Doney's investigation report of Lothman, stating that, "most of the allegations towards Officer Lothman resulted in being unfounded," when

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

in fact none of the allegations against Lothman were determined to be "Unfounded," and most had been "Sustained."

56.

On or about November 17, 2021, Plaintiff and her legal counsel met with George and Christensen for Plaintiff's Pre-Termination "*Loudermill*" hearing.

57.

On or about November 22, 2021, Plaintiff was given a Determination of Discipline – Termination letter signed by George. Reasons for termination include Plaintiff refusing to accept responsibility for her conduct and for not indicating that she desired to keep working at TPD.

58.

At the time of her termination, Plaintiff was the only female sworn officer of the TPD.

59.

Upon Plaintiff's termination, Sergeant Troxel was promoted to Lieutenant.

60.

On or about November 24, 2021, Rau filed a F4s Form with the Oregon Department of Public Safety Standards and Training ("DPSST").

61.

On the November 24, 2021, F4s Form, Rau indicated in Box 9, "Separation Reason," that "[Plaintiff] was terminated from employment by the City Manager [George] on 11/22/21 after reviewing an independent Internal Affairs investigation [conducted by Doney] that sustained numerous policy violations for Conduct, Insubordination and Unprofessionalism *along with many findings of untruthfulness*." (Emphasis added).

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

62.

As a result of Rau's F4s submission, DPSST opened an investigation into Plaintiff to determine if her DPSST license should be revoked or suspended.

63.

The investigation for BOLI 2 found that Rau's F4s submission falsely stated that Plaintiff had been untruthful, that Plaintiff's alleged untruthful statements were made in her June 18, 2021, complaint filed with BOLI, and that Rau's F4s submission to DPSST is "substantial evidence that he knowingly made a false statement to DPSST when he stated that there were 'many findings of untruthfulness' in order to retaliate against Complainant for filing BOLI complaints."

## VI.    CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**DISCRIMINATION ON BASIS OF GENDER**
**42 U.S.C. §2000e** *et seq.*

**COUNT 1:**
**(Against Defendant City)**

64.

Plaintiff incorporates all previous paragraphs herein by reference.

65.

Plaintiff is female. Defendant Troxel is male.

66.

BOLI 1 determined that during the period of July 1, 2020 – June 31, 2021, Plaintiff, as the Lieutenant, made $98,490.77. Troxel made $99,294.11 as the Sergeant and Plaintiff's subordinate.

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

67.

BOLI 1 also found that once Plaintiff was terminated and Troxel was promoted to Lieutenant, Troxel was paid $62,554.22 over a six-month period, making his annual estimated salary as Lieutenant $125,108.44. Plaintiff's annual pay as Lieutenant was $98,490.77.

68.

Plaintiff and Troxel performed work that is comparable in nature, but Troxel received higher pay than Plaintiff both as a Sergeant and as Lieutenant.

69.

This disparity in pay between Plaintiff and a male officer, is discriminatory on the basis of Plaintiff's gender.

70.

Pursuant to 42 U.S.C. §1981a, 42 U.S.C. §1988, and 42 U.S.C. §2000e-5, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 2:**
**(Against Defendant City)**

71.

Plaintiff incorporates all previous paragraphs herein by reference.

72.

After Plaintiff no longer held the rank of Sergeant, the Sergeant position, now held by a male, was added to the positions eligible for union representation and received the benefits associated with union representation.

///

PAGE 18 – **COMPLAINT**

73.

On information and belief, Chief Wright and Rau were assigning duties to Troxel that should have been Plaintiff's but choose to assign them to a subordinate male officer instead.

74.

This reassignment of duties to a subordinate officer, undermined Plaintiff's authority as Second-in-Command and promoted insubordination by subordinate officers.

75.

Plaintiff complained about this insubordination on numerous occasions to Wright, Rau, George, and Christensen, and thereby the City.

76.

The investigation of BOLI 1 found that Plaintiff's reports of insubordination by male officers were addressed with only coaching and counseling, and that no subordinate male officers were formally disciplined. George determined that Plaintiff was insubordinate in assisting Folkema with her final paycheck; that conduct was cited as a reason for Plaintiff's termination.

77.

On information and belief, Doney's investigation of Lotham determined that 8 allegations against him were sustained, including allegations of misconduct and harassment. Doney's investigation of Plaintiff determined that 9 allegations were sustained, none of which included behavior as egregious as Lothman's conduct. Doney's investigation did not indicate that Lothman was willing to accept responsibility for his alleged conduct. However, Doney's investigation of Plaintiff, indicated that Plaintiff was candid and honest. Following their respective investigations,

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Lothman, a male officer with a record of misconduct, was issued a written reprimand and returned to work, but Plaintiff, a female officer with no prior history of misconduct, was terminated.

78.

Plaintiff, a female officer, was treated differently than male officers in matters of discipline.

79.

Pursuant to 42 U.S.C. §1981a, 42 U.S.C. §1988, and 42 U.S.C. §2000e-5, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

## SECOND CLAIM FOR RELIEF
## VIOLATIONS OF EQUAL PAY ACT
## 29 U.S.C. §206(d)
## (Against Defendant CITY)

80.

Plaintiff incorporates all previous paragraphs herein by reference.

81.

Plaintiff was the only sworn female officer in the TPD and made less than the male TPD officers, even if they were Plaintiff's subordinates.

82.

Plaintiff and the male TPD officers performed work that is comparable in nature.

83.

This disparity in pay between Plaintiff and the male officers is discriminatory on the basis of Plaintiff's gender.

///

///

PAGE 20 – **COMPLAINT**

84.

Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover the amount of the disparate

pay, liquidated damages equal to the amount of the disparate pay, and reasonable attorney's fees

and costs.

**THIRD CLAIM FOR RELIEF**
**VIOLATIONS OF THE FAIR LABOR AND STANDARDS ACT**
**29 U.S.C. §201 *et seq.***
**(Against Defendant CITY)**

85.

Plaintiff incorporates all previous paragraphs herein by reference.

86.

The TPD job description for Lieutenant does not indicate that the position is exempt or that

it is not entitled to receive overtime pay, and Plaintiff was not informed, orally or in writing, that

she was exempt employee and could not receive overtime pay as a Lieutenant, until about May 25,

2021.

87.

On or about May 25, 2021, Rau informed Plaintiff that George had determined that exempt

employees could not receive overtime, even though Plaintiff had received overtime pay until that

point.

88.

Plaintiff continued to track and report her overtime on her timecards, but George, Rau, and

the City denied her overtime pay and removed it from her timecard against Plaintiff's consent.

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

89.

Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover the amount of the improperly removed and withheld overtime, liquidated damages equal to the amount of the improperly removed and withheld overtime, and reasonable attorney's fees and costs.

**FOURTH CLAIM FOR RELIEF**
**PROHIBITION OF DISCRIMINATORY WAGE RATES BASED ON SEX**
**ORS §652.220**

**COUNT 1:**
**(Against Defendant CITY)**

90.

Plaintiff incorporates all previous paragraphs herein by reference.

91.

Plaintiff was the only sworn female officer in the TPD and made less than the male TPD officers, even if they were Plaintiff's subordinates.

92.

Plaintiff and the male TPD officers performed work that is comparable in nature.

93.

This disparity in pay between Plaintiff and the male officers is discriminatory on the basis of Plaintiff's gender.

94.

Pursuant to ORS 659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

**COUNT 2:**
**(Against Defendant CITY)**

95.

Plaintiff incorporates all previous paragraphs herein by reference.

96.

On or about May 25, 2021, Rau informed Plaintiff that George had determined that Plaintiff was an exempt employee and that exempt employees could not receive overtime, even though Plaintiff had received overtime pay until that point.

97.

On or about June 18, 2021, Plaintiff filed a wage and hour complaint with BOLI against the City for inappropriately removing and withholding her overtime. Plaintiff notified Rau and the City on June 18, 2021, that she had filed this complaint.

98.

On or about June 21, 2021, Plaintiff was placed on administrative leave.

99.

The determination in BOLI 1 found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (discrimination in the payment of wages) on the basis of sex, in violation of ORS 652.220." (Emphasis in original). (Exhibit 1).

100.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

///

PAGE 23 – **COMPLAINT**

**COUNT 3:**
**(Against Defendant CITY)**

101.

Plaintiff incorporates all previous paragraphs herein by reference.

102.

On or about May 25, 2021, Rau informed Plaintiff that George had determined that Plaintiff was an exempt employee and that exempt employees could not receive overtime, even though Plaintiff had received overtime pay until that point, even as Lieutenant.

103.

On information and belief, all other officers of the TPD were eligible for and could claim overtime pay. Plaintiff was the only female sworn officer of the TPD and was the only officer of TPD who was deemed "exempt" and ineligible to receive overtime pay.

104.

This disparity in compensation between Plaintiff as a female, and all other male officers, is discriminatory on the basis of Plaintiff's gender.

105.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

///

///

///

///

PAGE 24 – **COMPLAINT**

**FIFTH CLAIM FOR RELIEF**
**PROHIBITION OF DISCRIMINATION BECAUSE OF WAGE CLAIM OR REFUSAL**
**TO WORK ADDITIONAL HOURS**
**ORS §652.355**

**COUNT 1:**
**(Against Defendant CITY )**

106.

Plaintiff incorporates all previous paragraphs herein by reference.

107.

The TPD's job description for Lieutenant does not indicate that the position is exempt or that it is not entitled to receive overtime pay, and Plaintiff was not informed, orally or in writing, that she could not receive overtime pay as a Lieutenant, until about May 25, 2021.

108.

On or about May 25, 2021, Rau informed Plaintiff that George had determined that exempt employees could not receive overtime, even though Plaintiff had received overtime pay until that point, even as Lieutenant.

109.

Plaintiff continued to track and report her overtime on her timecards, but George, Rau, Christensen, and the City denied her overtime pay and removed it from her timecard against Plaintiff's consent.

110.

On or about June 18, 2021, Plaintiff filed a wage and hour complaint with BOLI against the City for inappropriately removing and withholding her overtime. Plaintiff notified Rau and the City on June 18, 2021, that she had filed this complaint.

PAGE 25 – **COMPLAINT**

111.

On or about June 21, 2021, Plaintiff was placed on administrative leave due to an alleged complaint that had been made.

112.

BOLI 1 found that in response to a request for the alleged complaint, the "[City] was unable or unwilling to provide any documentary evidence of additional information regarding the alleged complaint it received in June 2021 that led to [Plaintiff] being placed on administrative leave."

113.

The Determination from BOLI 1 found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation) on the basis of filing a wage complaint, in violation of ORS 652.335." (Exhibit 1) (Emphasis in original).

114.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 2:**
**(Against Defendant CITY)**

115.

Plaintiff incorporates all previous paragraphs herein by reference.

116.

On or about June 18, 2021, Plaintiff filed a wage and hour complaint with BOLI against the City for inappropriately removing and withholding her overtime pay. Plaintiff notified Rau and the City on June 18, 2021, that she had filed this complaint.

PAGE 26 – **COMPLAINT**

117.

On or about November 22, 2021, Plaintiff was terminated for allegedly violating policies regarding conduct, insubordination, and unprofessionalism.

118.

On or about November 24, 2021, Rau, acting in his official capacity, submitted a false F4s form to DPSST that indicated Plaintiff was terminated for, among other reasons, being untruthful, which Rau knew would spark a DPSST investigation of Plaintiff.

119.

The determination in BOLI 2 found:

[The City's] admission that Chief Rau was thinking about [Plaintiff's] BOLI Complaint when he filled out the DPSST form, and unilaterally determining that allegations therein were false without investigating them or waiting for the BOLI investigation to conclude, is substantial evidence that he knowingly made a false statement to DPSST when he stated that there were "many findings of untruthfulness" in order to retaliate against [Plaintiff] for filing BOLI complaints.

(Exhibit 2).

120.

The BOLI 2 determination found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation) on the basis of filing a wage complaint, in violation of ORS 652.335." (Exhibit 2) (Emphasis in original).

121.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## SIXTH CLAIM FOR RELIEF
## DISCRIMINATION ON BASIS OF GENDER
## ORS §659A.030

### COUNT 1:
### ORS §659A.030(1)(a)
### (Against Defendant CITY)

122.

Plaintiff incorporates all previous paragraphs herein by reference.

123.

Plaintiff, the only female officer at TPD, was treated differently than male officers in matters of discipline even though they were all subordinate officers.

124.

The BOLI 2 determination states:

The different treatment applied to Lothman and [Plaintiff] in their investigations and resulting disciplinary actions is substantial evidence that [the City's] stated reasons for its actions were a pretext, as Lothman was not terminated and was treated better despite engaging in more egregious behavior than [Plaintiff], and that [the City] terminated [Plaintiff] based on her sex and her protected reports.

(Exhibit 2).

125.

The City discriminated against Plaintiff based on her sex when it terminated her employment.

126.

The BOLI 2 determination found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (different terms and conditions of employment, termination on the basis of sex), in violation of ORS 652.030(1)(a)(b)." (Exhibit 2). (Emphasis in original).

PAGE 28 – **COMPLAINT**

127.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 2:**
**ORS §659A.030(1)(b)**
**(Against Defendant CITY)**

128.

Plaintiff incorporates all previous paragraphs herein by reference.

129.

Plaintiff was the only sworn female officer in the TPD and made less than the male TPD officers, even if they were Plaintiff's subordinates.

130.

Plaintiff and the male TPD officers performed work that is comparable in nature.

131.

This disparity in pay between Plaintiff and the male officers is discriminatory on the basis of Plaintiff's gender.

132.

The BOLI 1 determination found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (different terms and conditions of employment) on the basis of sex, in violation of ORS 659A.030(1)(b)." (Exhibit 1). (Emphasis in original).

///

///

PAGE 29 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

133.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 3:**
**ORS §659A.030(1)(b)**
**(Against Defendant CITY)**

134.

Plaintiff incorporates all previous paragraphs herein by reference.

135.

After Plaintiff no longer held the rank of Sergeant, the Sergeant position, now held by a male, was added to the positions eligible for union representation and received the benefits associated with union representation.

136.

On information and belief, Chief Wright and Rau were assigning duties to Troxel that should have been Plaintiff's but choose to assign them to a subordinate male officer instead.

137.

This reassignment of duties to a subordinate officer, undermined Plaintiff's authority as Second-in-Command and promoted insubordination by subordinate officers.

138.

Plaintiff complained about this insubordination on numerous occasions to Wright, Rau, George, and Christensen, and thereby the City.

///

PAGE 30 – **COMPLAINT**

139.

The investigation of BOLI 1 found that Plaintiff's reports of insubordination by male officers were addressed, if at all, with coaching and counseling, and that no subordinate male officers were formally disciplined for their insubordination. However, George and Rau determined that Plaintiff was insubordinate when she assisted Folkema in receiving her final paycheck; this insubordination was cited as a reason for Plaintiff's termination.

140.

On information and belief, Doney's investigation of Lotham determined that 8 allegations against him were sustained, including allegations of misconduct and harassment. Doney's investigation of Plaintiff determined that 9 allegations were sustained, none of which included behavior as egregious as Lothman's conduct. Doney's investigation did not indicate that Lothman was willing to accept responsibility for his alleged conduct. However, Doney's investigation of Plaintiff, indicated that Plaintiff was candid and honest. Following their respective investigations, Lothman, a male officer with a record of misconduct, was issued a written reprimand and returned to work, but Plaintiff, a female officer with no prior history of misconduct, was terminated.

141.

Plaintiff, a female officer, was treated differently than male officers in matters of discipline.

142.

The determination in BOLI 1 found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (different terms and conditions of employment) on the basis of sex, in violation of ORS 652.030(1)(b)." (Emphasis in original). (Exhibit 1).

///

PAGE 31 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

143.

The determination in BOLI 2 found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (different terms and conditions of employment. termination on the basis of sex), in violation of ORS 659A.030(1)(a)(b)." (Emphasis in original). (Exhibit 2).

144.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

## COUNT 4:
## ORS §659A.030(1)(f)
## (Against Defendant CITY)

145.

Plaintiff incorporates all previous paragraphs herein by reference.

146.

Plaintiff was ordered by Chief Wright to interview Folkema regarding her harassment complaints against Lothman; Plaintiff interviewed Folkema, conferred with Chief Wright, and referred the matter to OSP for potential criminal investigation of Lothman.

147.

On or about June 16, 2021, George reprimanded Plaintiff for insubordination because Plaintiff assisted Folkema in defiance of George's unlawful orders on May 4, 2021.

148.

On or about November 15, 2021, George issued Plaintiff a "Notice of Potential Termination" letter, which refers to Plaintiff's participation in the investigation of Folkema's

PAGE 32 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

harassment complaints as well as the June 16, 2021, meeting wherein George issued a written reprimand to Plaintiff.

149.

George's actions demonstrate that Plaintiff was terminated, at least in part, for her involvement in the investigation into Folkema's harassment allegations against Lothman.

150.

The determination in BOLI 1 found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (different terms and conditions of employment) on the basis of opposing unlawful practices under Chapter 659A, in violation of ORS 659A.030(1)(f)." (Exhibit 1). (Emphasis in original).

151.

The determination in BOLI 2 found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for reporting/opposing unlawful discrimination), in violation of ORS 659A.030(1)(f)." (Exhibit 2). (Emphasis in original).

152.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 5:**
**ORS §659A.030(1)(f)**
**(Against Defendant CITY)**

153.

Plaintiff incorporates all previous paragraphs herein by reference.

PAGE 33 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

154.

On or about May 4, 2021, Plaintiff assisted Folkema in obtaining her final paycheck even though George had instructed City employees to withhold it unlawfully.

155.

On or about May 10, 2021, in response to Plaintiff's actions assisting Folkema, Rau issued Plaintiff a letter of instruction directing Plaintiff to follow the decisions of management.

156.

On or about June 16, 2021, George reprimanded Plaintiff for insubordination because Plaintiff assisted Folkema in defiance of George's unlawful orders on May 4, 2021.

157.

On or about June 18, 2021, Plaintiff wrote a letter in response to Rau's letter of expectation dated May 10, 2021, restating her opposition to the illegal and discriminatory conduct of the City, George, and Rau. On or about June 18, 2021, Plaintiff emailed Rau to notify him that she believed the City's withholding of her overtime pay was unlawful, and that she had filed a BOLI complaint regarding her unpaid overtime wages.

159.

On or about June 21, 2021, Plaintiff was placed on administrative leave.

160.

On or about November 15, 2021, George issued Plaintiff a "Notice of Potential Termination" letter, which refers to Plaintiff's participation in the investigation of Folkema's harassment complaints as well as the June 16, 2021, meeting wherein George issued a written reprimand to Plaintiff for her actions on May 4, 2021.

PAGE 34 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

161.

George's actions demonstrate that Plaintiff was terminated, at least in part, for her vocal opposition to the unlawful conduct of George, Rau, and the City.

162.

The determination in BOLI 1 found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (different terms and conditions of employment) on the basis of opposing unlawful practices under Chapter 659A, in violation of ORS 659A.030(1)(f)." (Exhibit 1). (Emphasis in original).

163.

The determination in BOLI 2 found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for reporting/opposing unlawful discrimination), in violation of ORS 659A.030(1)(f)." (Exhibit 2). (Emphasis in original).

164.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 6:**
**ORS §659A.030(1)(f)**
**(Against Defendant CITY)**

165.

Plaintiff incorporates all previous paragraphs herein by reference.

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

166.

The TPD job description for Lieutenant does not indicate that the position is exempt or that it is not entitled to receive overtime pay, and Plaintiff was not informed, orally or in writing, that she could not receive overtime pay as a Lieutenant, until about May 25, 2021.

167.

On or about May 25, 2021, Rau informed Plaintiff that George had determined that exempt employees could not receive overtime, even though Plaintiff had received overtime pay until that point, even as Lieutenant.

168.

Plaintiff continued to track and report her overtime on her timecards, but George, Rau, and the City denied her overtime pay and removed it from her timecard against Plaintiff's consent.

169.

On or about June 18, 2021, Plaintiff filed a wage and hour complaint with BOLI against the City for inappropriately removing and withholding her overtime pay. Plaintiff notified Rau and the City on June 18, 2021, that she had filed this complaint.

170.

On or about June 21, 2021, Plaintiff was placed on administrative leave due to an alleged complaint that had been made.

171.

BOLI 1 found that in response to a request for the alleged complaint, the "[City] was unable or unwilling to provide any documentary evidence of additional information regarding the alleged complaint it received in June 2021 that led to [Plaintiff] being placed on administrative leave."

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

172.

The Determination from BOLI 1 found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (different terms and conditions of employment) on the basis of opposing unlawful practices under Chapter 659A, in violation of ORS 659A.030(1)(f)." (Exhibit 1). (Emphasis in original).

173.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 7:**
**ORS §659A.030(1)(g)**
**(Against Defendant GEORGE)**

174.

Plaintiff incorporates all previous paragraphs herein by reference.

175.

As City Manager during the relevant time period, George managed the TPD, oversaw decisions made by Rau, and on information belief, instructed Rau to take the actions he did. Additionally, George made the final decisions to: issue discipline to Plaintiff in June 2021; unjustly place Plaintiff on administrative leave on June 21, 2021; order the internal affairs investigation into Plaintiff; discipline Plaintiff based off the findings from the internal affairs investigation; and ultimately terminate Plaintiff's employment.

///

///

PAGE 37 – **COMPLAINT**

176.

George, acting in his official capacity as City Manager, took unlawful employment actions, thereby aiding in the City's discrimination against Plaintiff based on her sex as a female, and City's retaliation against Plaintiff for her reports of misconduct and disparate treatment of females.

177.

George had actual knowledge and acted with malice and/or with a reckless and outrageous indifference of harm when he issued discipline to Plaintiff and placed Plaintiff on administrative leave after Plaintiff reported claims of misconduct, including a claim to BOLI.

178.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, punitive damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 8:**
**ORS §659A.030(1)(g)**
**(Against Defendant CHRISTENSEN)**

179.

Plaintiff incorporates all previous paragraphs herein by reference.

180.

On or about June 4, 2021, Christiansen sent an email stating, "[a]fter speaking with Nathan [George] today we want to get this going now. The Molly [Folkema] situation is taking forever and we need Lynn [Lothman] back."

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

181.

Christensen's June 4, 2021, email demonstrates that the City intended to bring Lothman back to work, did not take Folkema's sexual harassment complaints seriously, and viewed Folkema's complaints against Lothman as an inconvenience.

182.

As the City's Finance Director and Human Resources Director during the relevant time period, Christensen managed the human resources decisions made by TPD and the City and participated in the decisions made by George and Rau. Additionally, on information and belief, Christensen was present for and participated in: removing Plaintiff's overtime hours from her timesheets; determining to issue discipline to Plaintiff in June 2021 (Christensen was present for this meeting); unjustly placing Plaintiff on administrative leave on June 21, 2021; ordering the internal affairs investigation into Plaintiff; deciding to discipline Plaintiff based off the findings from the internal affairs investigation; and ultimately terminating Plaintiff's employment.

183.

Christensen, acting in her official capacity as City Finance Director and Human Resources Director, took unlawful employment actions, thereby aiding in the City's discrimination against Plaintiff based on her sex as a female, and the City's retaliation against Plaintiff for her reports of misconduct and disparate treatment of females.

184.

Christensen had actual knowledge and acted with malice and/or with a reckless and outrageous indifference of harm when she as the City's City Finance Director and Human

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Resources Director participated in issuing discipline to Plaintiff and placing Plaintiff on administrative leave after Plaintiff reported claims of misconduct, including a claim to BOLI.

185.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, punitive damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 9:**
**ORS §659A.030(1)(g)**
**(Against Defendant RAU)**

186.

Plaintiff incorporates all previous paragraphs herein by reference.

187.

As the TPD Police Chief, Rau managed the TPD and carried out the decisions made by the City and George, and on information belief was instructed by George to take actions against Plaintiff. Additionally, on information and belief, Rau was directly or indirectly involved in: providing input that led to the final decision to issue discipline to Plaintiff in June 2021; unjustly placing Plaintiff on administrative leave on June 21, 2021; ordering the internal affairs investigation into Plaintiff; and participating in the discussion to discipline and ultimately terminate Plaintiff based on the findings from the internal affairs investigation.

188.

Rau, acting in his official capacity as TPD Chief of Police, took unlawful employment actions against Plaintiff, thereby aiding in the City's discrimination against Plaintiff based on her

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

sex as a female, and the City's retaliation against Plaintiff for her reports of misconduct and disparate treatment of females.

189.

Rau had actual knowledge and acted with malice and/or with a reckless and outrageous indifference of harm when he issued discipline to Plaintiff and placed Plaintiff on administrative leave after Plaintiff reported claims of misconduct, including a claim to BOLI.

190.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, punitive damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 10:**
**ORS §659A.030(1)(g)**
**(Against Defendant RAU)**

191.

Plaintiff incorporates all previous paragraphs herein by reference.

192.

On or about November 24, 2021, Rau filed a F4s with DPSST that indicated Plaintiff was terminated for conduct, insubordination, unprofessionalism, and untruthfulness.

193.

As a result of Rau's F4s submission, DPSST opened an investigation into Plaintiff to determine if her DPSST license should be revoked or suspended.

///

///

PAGE 41 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

194.

The determination in BOLI 2 states:

[The City's] admission that Chief Rau was thinking about [Plaintiff's] BOLI Complaint when he filled out the DPSST form, and unilaterally determining that allegations therein were false without investigating them or waiting for the BOLI investigation to conclude, is substantial evidence that he knowingly made a false statement to DPSST when he stated that there were "many findings of untruthfulness" in order to retaliate against [Plaintiff] for filing BOLI complaints.

(Exhibit 2).

195.

Rau was acting in his official capacity as TPD Chief of Police when he submitted the false F4s to DPSST, thereby allowing the City to continue to retaliate against Plaintiff for filing a BOLI complaint, even after the City unlawfully terminated Plaintiff.

196.

Rau had actual knowledge and acted with malice and/or with a reckless and outrageous indifference of harm when he knowingly filed a false F4s with DPSST which continued his aiding and abetting the City's discrimination and retaliation against Plaintiff.

197.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, punitive damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 11:**
**ORS §659A.030(1)(g)**
**(Against Defendant TROXEL)**

198.

Plaintiff incorporates all previous paragraphs herein by reference.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

199.

Troxel's participation in the internal affairs investigation into Plaintiff assisted the City in coming up with allegations to investigate Plaintiff, going back over ten years.

200.

The determination in BOLI 2 found that, "[a]t least one of the unfounded allegations [against Plaintiff] was brought by Troxel, who was characterized as untruthful and not credible by other neutral witnesses, who had no reason to lie. Troxel was promoted to Lieutenant after [Plaintiff] was terminated." (Exhibit 2).

201.

The determination in BOLI 2 also found that:

[T]he investigative report is evidence that Lothman's attorney's "complaint regarding [Plaintiff's] behaviors and actions in the Lothman case" was only one of the three reasons given for the investigation, the other two being [Plaintiff's] behavior *after* she was placed on administrative leave, and complaints that she treated some other employees more favorably than others, which appear to have been brought by Sergeant Troxel and other Lothman allies, again, *after* [Plaintiff] was placed on administrative leave. The evidence indicates that [Plaintiff] was placed on leave in retaliation for her protected complaints, and that [the City's] stated reason is pretext.

(Exhibit 2). (Emphasis in the original).

202.

Troxel's actions against Plaintiff aided and assisted the City, George, and Rau to discriminate and retaliate against Plaintiff. In exchange for his actions, Troxel, was promoted to Plaintiff's job after her termination, and paid significantly more than Plaintiff in the same role.

///

PAGE 43 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

203.

Troxel had actual knowledge and acted with malice and/or with a reckless and outrageous indifference of harm when he knowingly made false complaints against Plaintiff which continued him aiding and abetting the City's discrimination and retaliation against Plaintiff.

204.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, punitive damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
## EMPLOYMENT DISCRIMINATION ON BASIS OF WHISTLEBLOWING STATUS
## ORS §659A.199

### COUNT 1:
### (Against the CITY)

205.

Plaintiff incorporates all previous paragraphs herein by reference.

206.

Plaintiff reported misconduct of subordinate officers circumventing her authority as Lieutenant, and going directly to the Chief of Police, which constitutes insubordination. This circumventing of Plaintiff's authority created disorganization and thereby safety issues for the City of Tillamook.

207.

Neither the City, George, Christensen, nor Rau, took any serious corrective action and the insubordination continued.

///

PAGE 44 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

208.

Not only were Plaintiff's reports of subordinate officers' misconduct not taken seriously, but Plaintiff was eventually disciplined and terminated in at least part because she complained about this misconduct.

209.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 2:**
**(Against the CITY)**

210.

Plaintiff incorporates all previous paragraphs herein by reference.

211.

As directed by Chief Wright, Plaintiff investigated Folkema's allegations against Lothman, and eventually referred the matter to OSP. Plaintiff further participated in the investigation by responding to an interview request for the OSP investigation.

212.

Plaintiff's participation in the investigations of the sexual harassment and assault allegations against Lothman constitutes protected whistleblowing activity.

213.

Doney's investigation report scrutinized Plaintiff's handling of Folkema's allegations against Lothman. Plaintiff was terminated based on Doney's investigation report.

///

PAGE 45 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

214.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

## COUNT 3:
### (Against the CITY)

215.

Plaintiff incorporates all previous paragraphs herein by reference.

216.

On or about May 4, 2021, Plaintiff assisted Folkema in obtaining her final paycheck even though George had instructed City employees to withhold it unlawfully.

217.

On or about May 10, 2021, in response to Plaintiff's actions assisting Folkema, Rau issued Plaintiff a letter of instruction directing Plaintiff to follow the decisions of management.

218.

On or about June 16, 2021, George issued a written reprimand to Plaintiff because Plaintiff assisted Folkema on May 4, 2021, by opposing the City and George's unlawful employment practices and reporting misconduct.

219.

On or about June 18, 2021, Plaintiff wrote a letter in response to Rau's letter of expectation dated May 10, 2021, restating her opposition to the illegal and discriminatory conduct of the City, George, and Rau.

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

220.

On or about June 21, 2021, Plaintiff was placed on administrative leave for insubordination, at least in part due to her actions opposing unlawful misconduct of the City, George, and Rau.

221.

On or about November 22, 2021, Plaintiff was terminated at least in part due to her actions opposing unlawful misconduct of the City, George, and Rau.

222.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 4:**
**(Against the CITY)**

223.

Plaintiff incorporates all previous paragraphs herein by reference.

224.

On or about May 25, 2021, Rau informed Plaintiff that George had determined that exempt employees could not receive overtime, even though Plaintiff had received overtime pay until that point, even as Lieutenant. This was the first time Plaintiff was notified of her overtime ineligibility.

225.

Plaintiff continued to track and report her overtime on her timecards, but George, Rau, and the City denied her overtime pay and removed it from her timecard against Plaintiff's consent.

///

PAGE 47 – **COMPLAINT**

226.

On or about June 18, 2021, Plaintiff filed a wage and hour complaint with BOLI against the City for inappropriately removing and withholding her overtime pay, notified Rau and the City that she had filed this complaint, and made a written request to the City for her personnel file.

227.

On or about June 21, 2021, Plaintiff was placed on administrative leave due to an alleged complaint that had been made against her; in response to a request for this complaint, Defendants could not or would not produce any evidence of it.

228.

On information and belief, no complaint had been made against Plaintiff that would have prompted her being placed on leave. Plaintiff was placed on leave, and eventually terminated, at least in significant part, for reporting the unlawful nonpayment of her earned overtime.

229.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 5:**
**(Against the CITY)**

230.

Plaintiff incorporates all previous paragraphs herein by reference.

///

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

231.

On or about October 14, 2021, Plaintiff, by and through her counsel, filed a Civil Rights complaint with BOLI and cross-filed this complaint with the United States Equal Employment Opportunity Commission ("EEOC").

232.

On or about November 15, 2021, the City, through George, provided Plaintiff with Notice of Potential Termination, indicating that Plaintiff may be terminated due to alleged violations of TPD policies governing conduct, insubordination, and unprofessionalism, but this letter did not indicate that Plaintiff may be terminated for untruthfulness. Plaintiff was not provided with a copy of the investigation report sustaining these alleged violations until the day before her pre-termination hearing, at her attorney's request.

233.

On or about November 22, 2021, Plaintiff's employment was terminated.

234.

On or about November 24, 2021, Rau submitted a F4s to DPSST indicating that Plaintiff was terminated for "many findings of untruthfulness," which prompted a DPSST investigation against Plaintiff. On information and belief, Rau's allegations of untruthfulness were in response to the facts Plaintiff presented in her BOLI complaint filed on or about June 18, 2021.

235.

The City, through the actions of George, Christensen, and Rau, retaliated against Plaintiff by issuing discipline and terminating Plaintiff only one month after she filed her Civil Rights BOLI

PAGE 49 – **COMPLAINT**

complaint on October 14, 2021, and then knowingly filing a false F4s with DPSST based on facts contained in her Wage and Hour BOLI complaint filed on June 18, 2021.

236.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**EIGHTH CLAIM FOR RELIEF**
**EMPLOYMENT DISCRIMINATION ON BASIS OF WHISTLEBLOWING STATUS**
**ORS §659A.203**
**Against Defendant CITY**

237.

Plaintiff incorporates all previous paragraphs herein by reference.

238.

At all material times, the City was a public employer.

239.

The City, through George, Christensen, and Rau, retaliated against Plaintiff for reporting and opposing the City's multiple instances of unlawful activity.

240.

Pursuant to ORS 659A.203(3), Plaintiff is entitled to remedies under ORS 659A.203 in addition to any remedies under ORS 659A.199.

241.

The Determination from BOLI 2 found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for filing BOLI civil rights complaints and wage claims), in violation of ORS 659A.203." (Exhibit 2). (Emphasis in original).

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

242.

Pursuant to ORS 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, punitive damages, reasonable attorney fees, and costs in incurred herein to be proven at trial.

**NINTH CLAIM FOR RELIEF**
**EMPLOYMENT DISCRIMINATION ON BASIS OF INITIATING OR**
**PARTICIPATING IN CRIMINAL OR CIVIL PROCEEDINGS**
**ORS §659A.230**

**COUNT 1:**
**(Against Defendant CITY)**

243.

Plaintiff incorporates all previous paragraphs herein by reference.

244.

As directed by Chief Wright, Plaintiff investigated Folkema's allegations against Lothman, and eventually referred the matter to OSP for criminal investigation. Plaintiff further participated in the investigation by responding to an interview request for the OSP investigation.

245.

On information and belief, George retained Doney to investigate Plaintiff, in significant part, because Lothman's attorney complained about Plaintiff's investigation of Folkema's complaints against Lothman. Plaintiff was terminated, in significant part, based on Doney's investigation report and Plaintiff's participating in the criminal investigation of Lothman.

///

///

///

PAGE 51 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

246.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 2:**
**(Against Defendant CITY)**

247.

Plaintiff incorporates all previous paragraphs herein by reference.

248.

On or about May 25, 2021, Rau informed Plaintiff that George had determined that Plaintiff was an exempt employee and that exempt employees could not receive overtime, even though Plaintiff had received overtime pay until that point, even as Lieutenant.

249.

Plaintiff continued to track and report her overtime on her timecards, but George, Rau, Christensen, and the City denied her overtime pay and removed it from her timecard against Plaintiff's consent.

250.

Plaintiff made multiple complaints to the City that her overtime was being unlawfully removed from her timecard.

251.

On or about June 18, 2021, Plaintiff filed a wage and hour complaint with BOLI against the City for inappropriately removing and withholding her overtime. Plaintiff notified Rau and the City on June 18, 2021, that she had filed this complaint.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

252.

On or about June 21, 2021, Plaintiff was placed on administrative leave due to an alleged complaint that had been made against Plaintiff.

253.

BOLI 1 found that in response to a request for the alleged complaint against Plaintiff, the "[City] was unable or unwilling to provide any documentary evidence of additional information regarding the alleged complaint it received in June 2021 that led to [Plaintiff] being placed on administrative leave."

254.

The City, through George, Rau, and Christensen, retaliated against Plaintiff for her reports of unpaid overtime and for filing a complaint with BOLI regarding that unpaid overtime.

255.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 3:**
**(Against Defendant CITY)**

256.

Plaintiff incorporates all previous paragraphs herein by reference.

257.

On or about October 14, 2021, Plaintiff, by and through her counsel, filed a Civil Rights complaint with BOLI and cross-filed this complaint with the EEOC.

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

258.

On or about November 15, 2021, the City, through George, provided Plaintiff with Notice of Potential Termination, indicating that Plaintiff may be terminated due to alleged violations of TPD policies governing conduct, insubordination, and unprofessionalism, but not for untruthfulness. Plaintiff was not provided with a copy of the investigation report sustaining these alleged violations until the day before her pre-termination hearing, at her attorney's request.

259.

On or about November 22, 2021, Plaintiff's employment was terminated.

260.

On or about November 24, 2021, Rau submitted a F4s to DPSST indicating that Plaintiff was terminated for "many findings of untruthfulness," which prompted a DPSST investigation against Plaintiff. On information and belief, Rau's allegations of untruthfulness were in response to the facts Plaintiff presented in her BOLI complaint filed on or about June 18, 2021.

261.

The City, through the actions of George, Christensen, and Rau, retaliated against Plaintiff by issuing discipline and terminating Plaintiff only one month after she filed her Civil Rights BOLI complaint on October 14, 2021, and then knowingly filing a false F4s with DPSST based on facts contained in her Wage and Hour BOLI complaint filed on June 18, 2021.

262.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

PAGE 54 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

**TENTH CLAIM FOR RELIEF**
**DISCRIMINATION BASED ON WAGE INQUIRY OR WAGE COMPLAINT**
**ORS §659A.355**

**COUNT 1:**
**(Against Defendant CITY)**

263.

Plaintiff incorporates all previous paragraphs herein by reference.

264.

On or about May 25, 2021, Rau informed Plaintiff that George had determined that Plaintiff was an exempt employee and that exempt employees could not receive overtime, even though Plaintiff had received overtime pay until that point, even as Lieutenant.

265.

Plaintiff continued to track and report her overtime on her timecards, but George, Rau, Christensen, and the City denied her overtime pay and removed it from her timecard against Plaintiff's consent.

266.

Plaintiff made multiple complaints to the City that her overtime was being unlawfully removed from her timecard.

267.

On or about June 18, 2021, Plaintiff filed a wage and hour complaint with BOLI against the City for inappropriately removing and withholding her overtime. Plaintiff notified Rau and the City on June 18, 2021, that she had filed this complaint.

///

///

PAGE 55 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

268.

On or about June 21, 2021, Plaintiff was placed on administrative leave due to an alleged complaint that had been made against Plaintiff.

269.

BOLI 1 found that in response to a request for the alleged complaint against Plaintiff, the "[City] was unable or unwilling to provide any documentary evidence of additional information regarding the alleged complaint it received in June 2021 that led to [Plaintiff] being placed on administrative leave."

270.

The City, through George, Rau, and Christensen, retaliated against Plaintiff for her reports of unpaid overtime and for filing a complaint with BOLI regarding that unpaid overtime.

271.

The determination in BOLI 2 found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for filing BOLI civil rights complaints and wage claims), in violation of []; []; and ORS 659A.335." (Exhibit 2) (Emphasis in original).

272.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 2:**
**(Against Defendant CITY)**

273.

Plaintiff incorporates all previous paragraphs herein by reference.

PAGE 56 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

274.

On or about November 24, 2021, Rau submitted a F4s to DPSST indicating that Plaintiff was terminated for "many findings of untruthfulness," which prompted a DPSST investigation against Plaintiff. On information and belief, Rau's allegations of untruthfulness were in response to the facts Plaintiff presented in her BOLI complaint filed on or about June 18, 2021.

275.

The determination in BOLI 2 found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for filing BOLI civil rights complaints and wage claims), in violation of []; []; and ORS 659A.335." (Exhibit 2) (Emphasis in original).

276.

Pursuant to ORS §659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

## ELEVENTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### COUNT 1:
### (Against Defendants CITY and GEORGE)

278.

Plaintiff incorporates all previous paragraphs herein by reference.

279.

George's actions transgressed beyond the bounds of socially tolerable behavior when he: disciplined Plaintiff more harshly than male officers that had committed far more egregious offenses; ignored Plaintiff's complaints regarding disparate treatment of females and males by the

PAGE 57 – **COMPLAINT**

City; ignored Plaintiff's reports of misconduct by subordinate officers; ignored Plaintiff's and OSP's reports and evidence showing harassment and official misconduct by Lothman; punished Plaintiff for following orders in investigating Lothman; disciplined Plaintiff for attempting to prevent wage violations by the City; unlawfully withheld overtime wages owed to Plaintiff; and eventually placed Plaintiff on administrative leave and terminated Plaintiff's employment with TPD.

280.

George's conduct is made even more outrageous by the fact that George is the most senior employee of the City and therefore has great power and discretion to act.

281.

George acted with actual malice and knew or should have known that his conduct towards Plaintiff, including placing Plaintiff on administrative leave, subjecting Plaintiff to an internal affairs investigation, and terminating Plaintiff, would cause Plaintiff severe emotional distress.

282.

Plaintiff has suffered stress, embarrassment, and humiliation in being terminated after an internal affairs investigation. Following Plaintiff's termination, Plaintiff suffered additional stress, embarrassment, and humiliation regarding her DPSST Law Enforcement License which was called into question after Rau's false F4s submission.

283.

Accordingly, Plaintiff suffered severe emotional distress through, among other things, humiliation, shock, and betrayal, when George and the City ended Plaintiff's twenty-two-plus-

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

year career in a disgraceful manner and subjected Plaintiff to an unwarranted internal affairs investigation and scrutiny from DPSST.

284.

The City is liable for the actions of George because he was acting and making decisions in his official capacity as City Manager, employed by the City.

285.

Accordingly, Plaintiff is entitled to recover punitive, compensatory and non-economic damages.

**COUNT 2:**
**(Against Defendants CITY and CHRISTENSEN)**

286.

Plaintiff incorporates all previous paragraphs herein by reference.

287.

As the City's Finance Director and Human Resources Director, Christensen's conduct transgressed beyond the bounds of socially tolerable behavior when she: was aware of and participated in the outrageous conduct by the City, George, and Rau;  ignored Plaintiff's complaints regarding disparate treatment of females and males; ignored Plaintiff's reports of misconduct by subordinate officers; ignored Plaintiff's and OSP's reports and evidence supporting harassment and official misconduct by Lothman; disciplined Plaintiff for attempting to prevent wage violations by the City; unlawfully withheld overtime wages owed to Plaintiff; and eventually placed Plaintiff on administrative leave and terminated Plaintiff's employment with TPD.

///

///

PAGE 59 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

288.

Christensen's conduct is made even more outrageous by the fact that she is the Human Resources Director of the City, and therefore has great power and discretion to act, as well as the responsibility to ensure that employees are paid wages owed, not discriminated or retaliated against, and not subjected to outrageous conduct by other City employees and officials.

289.

Christensen acted with actual malice and knew or should have known that her conduct towards Plaintiff would cause Plaintiff severe emotional distress.

290.

Plaintiff has suffered stress, embarrassment, and humiliation in being terminated after an internal affairs investigation. Following Plaintiff's termination, she suffered additional stress, embarrassment, and humiliation regarding her DPSST Law Enforcement License which was called into question after Rau's false F4s submission.

291.

Accordingly, Plaintiff suffered severe emotional distress through, among other things, humiliation, shock, and betrayal, when Christensen and the City ended Plaintiff's career in a disgraceful manner and subjected Plaintiff to an unwarranted internal affairs investigation and scrutiny from DPSST.

292.

The City is liable for the actions of Christensen because she was acting and making decisions in her official capacity as Finance Director and Human Resources Director, employed by the City.

PAGE 60 – **COMPLAINT**

Case 3:23-cv-00046-JR   Document 1   Filed 01/11/23   Page 61 of 89

293.

Accordingly, Plaintiff is entitled to recover punitive, compensatory and non-economic damages.

**COUNT 3:**
**(Against Defendants CITY and RAU)**

294.

Plaintiff incorporates all previous paragraphs herein by reference.

295.

Rau's actions transgressed beyond the bounds of socially tolerable behavior when he: disciplined Plaintiff more harshly than male officers that had committed far more egregious offenses with prior disciplinary records; ignored Plaintiff's complaints regarding disparate treatment of females and males by the City; ignored Plaintiff's reports of misconduct by subordinate officers; ignored Plaintiff's and OSP's reports and evidence showing harassment and official misconduct by Lothman; punished Plaintiff for following orders in investigating Lothman; disciplined Plaintiff for attempting to prevent wage violations by the City; unlawfully withheld overtime wages owed to Plaintiff; eventually placed Plaintiff on administrative leave and terminated Plaintiff's employment with TPD; and submitted a falsified F4s to DPSST, which he knew would instigate an investigation into Plaintiff's Law Enforcement License.

296.

Rau's conduct is made even more outrageous by the fact that Rau is the TPD Chief of Police, and therefore has great power and discretion to act, and has the responsibility to uphold the laws to prevent disparate treatment, discrimination, and retaliation against TPD officers and employees.

PAGE 61 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

297.

Rau acted with actual malice and knew or should have known that his conduct would cause Plaintiff severe emotional distress.

298.

Rau's conduct is made even more outrageous because Rau is the most senior law enforcement officer of the City and therefore has great power and discretion and obligation to uphold the laws.

299.

Plaintiff has suffered stress, embarrassment, and humiliation in being terminated after an internal affairs investigation. Following Plaintiff's termination, she suffered additional stress, embarrassment, and humiliation regarding her DPSST Law Enforcement License which was called into question after Rau's false F4s submission.

300.

Accordingly, Plaintiff suffered severe emotional distress through, among other things, humiliation, shock, and betrayal, when Rau and the City ended Plaintiff's career in a disgraceful manner and subjected Plaintiff to an unwarranted internal affairs investigation and scrutiny from DPSST.

301.

The City is liable for the actions of Rau because he was acting and making decisions in his official capacity as TPD Chief of Police, employed by the City.

302.

Accordingly, Plaintiff is entitled to recover punitive, compensatory and non-economic damages.

PAGE 62 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## COUNT 4:
### (Against Defendants CITY and TROXEL)

303.

Plaintiff incorporates all previous paragraphs herein by reference.

304.

During Doney's investigation of Plaintiff, Troxel fabricated allegations against Plaintiff in a blatant attempt to get Plaintiff terminated, which constitutes outrageous conduct beyond the bounds of socially tolerable behavior.

305.

The determination in BOLI 2 found that Troxel made "unfounded allegations" against Plaintiff, that Troxel "was characterized as untruthful and not credible by other witnesses who had no reason to lie," and that he "was promoted to Lieutenant after [Plaintiff] was terminated." (Exhibit 2, n 7).

306.

Troxel acted with actual malice and knew or should have known that his conduct towards Plaintiff would cause Plaintiff severe emotional distress.

307.

Plaintiff has suffered stress, embarrassment, and humiliation in being terminated after the internal affairs investigation in which Troxel made unfounded allegations against Plaintiff. Following Plaintiff's termination, she suffered additional stress, embarrassment, and humiliation when her DPSST Law Enforcement License was called into question after Rau's false F4s submission.

///

PAGE 63 – **COMPLAINT**

308.

Accordingly, Plaintiff suffered severe emotional distress through, among other things, humiliation, shock, and betrayal, when the City ended Plaintiff's career in a disgraceful manner and subjected Plaintiff to an unwarranted internal affairs investigation and scrutiny from DPSST.

309.

The City is liable for the actions of Troxel because he was acting in his official capacity as a TPD Sergeant employed by the City.

310.

Accordingly, Plaintiff is entitled to recover compensatory damages and non-economic damages.

**WHEREFORE**, Plaintiff prays for judgement in her favor, and against Defendants joint and severally liable, and awarding Plaintiff economic damages and noneconomic damages as determined at trial, but not less than $2,500,000 and, in the case of Defendants George, Christensen, Rau, and Troxel an award of punitive damages as the jury may award at trial, together with Plaintiff's costs, disbursements, attorney and expert witness fees under 42 U.S.C §1988 and ORS 659A.885, and for such other relief the Court deems equitable and just.

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 11th day of January 2023.

EMPLOYMENT LAW PROFESSIONALS

By:    */s/ Andrew T. Mittendorf*
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com

PAGE 64 – **COMPLAINT**

Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Kristofer T. Noneman, OSB #224630
Email: kristofer@elpnw.com
**EMPLOYMENT LAW PROFESSIONALS**
**NORTHWEST LLC**
POB 1309
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Tel: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff Erica L. Bomar

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404



**VAL HOYLE**
Labor Commissioner

October 14, 2022

ERICA BOMAR
C/O EMPLOYMENT LAW PROFESSIONALS
PO BOX 1309
SHERWOOD, OR 97140

RE:   Complainant:   Erica Bomar
      Respondent:    City of Tillamook
      Case #:        EPEMSX211014-42121
      EEOC #:        38D-2022-00055C

The Civil Rights Division has concluded the investigation and review of the above-cited case and has determined that there is substantial evidence to support the allegations of discrimination.

The complaint was dually filed under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act (ADEA), or the Americans with Disabilities Act (ADA), which are enforced by the U.S. Equal Employment Opportunity Commission (EEOC).

The Division will refer this matter to the Administrative Prosecution Unit for contested case hearing consideration and may facilitate an attempt to reach a reasonable settlement of this matter. Please see the enclosure with information on the conciliation process; however, no action is required from you at this time.

Complainant may have the right to withdraw this case at any time. Please see ORS 659A.875 regarding the time limitations that apply to any right the Complainant may have to file a civil action in circuit court.

NOTE: Pursuant to ORS 192.501(8), the Bureau cannot release a copy of the file until it is closed. The above case is not yet closed. Please take note of any enclosures sent with this letter.

Sincerely,
CIVIL RIGHTS DIVISION
Administrative Support Unit

jl


Enclosure(s) Information for Complainants receiving a Determination of Substantial Evidence
Substantial Evidence Determination
Civil Suit Notic


cc:   Randy J Harvey, Complainant's Attorney


 Portland • Salem • Eugene        ⊕ **oregon.gov/boli**
                                            Help@boli.oregon.gov        ☎ (971) 245-3844
                                                                        **Ore. Relay TTY: 711**

**Bomar v. City of Tillamook et al.**
**USDC Case No. 3:23-cv-00046**
**Exhibit 1**
**Page 1 of 11**

## INFORMATION FOR COMPLAINANTS RECEIVING A
## DETERMINATION OF SUBSTANTIAL EVIDENCE
## OF AN UNLAWFUL PRACTICE OR
## UNLAWFUL EMPLOYMENT PRACTICE

### The Conciliation Process

The investigation of this case has resulted in a determination of substantial evidence that an unlawful practice or unlawful employment practice occurred. The division may facilitate settlement negotiations between the Complainant and the Respondent, refer the matter directly to a contested case hearing, or administratively close the case

The Complainant and Respondent have the right to decline to enter into settlement negotiation or to reject any settlement offer made. However, if Complainant declines or otherwise fails to participate in the conciliation process, or rejects a settlement offer made by Respondent that the division considers to provide full remedy, the case may be administratively closed.

*Complainant has the right to withdraw the complaint from the division at any time and pursue the matter by filing a civil action in circuit court, <u>subject to statutory deadlines set forth in ORS 659A.875</u>.*

BOLI-facilitated **conciliation agreements** are voluntary, no-fault settlements. Conciliation agreements may provide for remedies to a complainant including but not limited to monetary payment for lost wages and pain and suffering, as well as employment or reinstatement of employment.

If Complainant and Respondent agree to settle the case, the division prepares a **conciliation agreement** for Complainant, Respondent and the division to sign. When the **conciliation agreement** is signed by all parties, the case is closed. If Complainant settles the case, Complainant does not have the right to file a civil suit in court on the same issues.

### Complainant's Options if Conciliation Fails

1.  If conciliation fails, a division supervisor reviews the case to determine whether it is appropriate for a contested case hearing in BOLI's Administrative Prosecution Unit. If it is not, the division will inform Complainant and close the file. If a notice of Complainant's right to file a civil action in circuit court has not previously been issued, it will be issued at the time of case closure.

2.  If the division determines the case is appropriate for a contested case hearing, it is forwarded to the Administrative Prosecution Unit, where an administrative prosecutor reviews the case to determine if it is likely to prevail in a hearing. If the prosecutor finds it is not likely to prevail in a hearing, the prosecutor will so inform Complainant and close the file. If a notice of Complainant's right to file a civil action in circuit court has not previously been issued, it will be issued at the time of case closure.

3.  If the administrative prosecutor determines that the case is likely to prevail in a hearing, the prosecutor will so inform Complainant and will serve "specific charges" on Respondent. The prosecutor will represent the case in a contested case hearing. Complainants do not need an attorney to participate in a contested case hearing.

If wishing to consult with an attorney, you may contact the Oregon State Bar's Lawyer Referral Service at 503-684-3763 (Portland) or 800-452-7636. The Bureau is not permitted to make referrals to attorneys.



**VAL HOYLE**
Labor Commissioner

October 14, 2022

ERICA BOMAR

RE:    Complainant: Erica Bomar
       Respondent:  City Of Tillamook
       Case #:      EPEMSX211014-42121
       EEOC #:      38D-2022-00055C

## NOTICE OF RIGHT TO FILE A CIVIL SUIT

This is your 90-day notice letter. Pursuant to ORS 659A.880, you, the Complainant, may file a civil action against the Respondent under ORS 659A.885 within 90 days after the date of mailing of this 90-day notice. Any right to bring a civil action against the Respondent under ORS 659A.885 will be lost if the civil action is not commenced within 90 days after the date of the mailing of this 90-day notice. *Note: If the complaint was a public accommodations case filed under ORS 659A.403 or 659A.406, the right to file suit in state circuit court expires <u>one year from the date of the alleged violation</u>.*

Further, if the Respondent is a public entity, to preserve the right to file a suit in state circuit court, the Complainant must also comply with the Oregon Tort Claims Act (ORS 30.260 to 30.300). Complainants interested in protecting these rights, should consult an attorney immediately regarding the requirements for filing. The Oregon State Bar referral number for Portland is 503-620-0222 or 800-452-7636.

The Bureau may determine at a future date to terminate proceedings without initiating a contested case hearing. You have the choice at this time of pursuing the complaint in state circuit court or continuing with the Bureau's process. The Bureau requests that you notify the Division if this complaint is taken to court.

Sincerely,
CIVIL RIGHTS DIVISION
Administrative Support Unit

jl

**Date of Mailing:** October 14, 2022

cc:    Randy J Harvey, Complainant's Attorney
       City Of Tillamook, Respondent
       City Of Tillamook, City Attorney, Respondent's Attorney
       Nathan George, Respondent Headquarter Contact

 Portland · Salem · Eugene     **oregon.gov/boli**
                                                  Help@boli.oregon.gov     (971) 245-3844
                                                                           Ore. Relay TTY: 711

**Civil Rights Division - Bureau of Labor and Industries**
## NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

| | |
|---|---|
| Complainant: Erica Bomar | |
| Respondent:   City Of Tillamook | **DATE ISSUED** |
| Case Number: EPEMSX211014-42121 | |
| Investigator:  Amanda Bartenstein | OCT 14 2022 |
| Filing Date:   October 14, 2021 | **CIVIL RIGHTS DIVISION** |

Reviewed By: _____ Theodore E. Wenk

### I.   Jurisdiction

Oregon Revised Statutes chapters 659A, ORS 25.337, 25.424, 171.120, 345.240, 441.184, 476.576, 651.060, 651.120, 652.355, 653.060 and 654.062, and Oregon Administrative Rules chapter 839 divisions 2, 3, 4, 5, 6, 9 and 10 authorize the Civil Rights Division to accept, investigate, amend, resolve and determine complaints alleging unlawful practices in employment, housing, places of public accommodation, state government and career, professional and trade schools.

Specific facts supporting a conclusion that the Division has jurisdiction over Respondent(s) are found below.

### II.   Synopsis

The Bureau of Labor and Industries, Civil Rights Division, finds substantial evidence of an unlawful practice based on sex, filing a wage claim, and reporting or opposing unlawful practices in that Respondent subjected Complainant to different terms and conditions of employment, and discriminated against her in the payment of wages on the basis of sex; and retaliated against Complainant for her protected activities. ORS 659A.030 (1)(b)(f); ORS 652.220; ORS 652.355

### III.   Claim and Answer

On October 14, 2021, Complainant filed a complaint with the Civil Rights Division alleging an unlawful employment practice based on sex, whistleblowing, making a wage claim, and reporting or opposing unlawful employment discrimination in that Respondent subjected her to different terms and conditions of employment, discriminatory wages, and retaliation. Specifically, Complainant alleges that as a female lieutenant, she earned essentially the same wages as the male sergeant below her, despite having a higher rank and more responsibilities. Complainant further alleges that she reported on multiple occasions that subordinate male officers refused to communicate with her directly and

**Civil Rights Division - Bureau of Labor and Industries**
## NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

went outside the chain of command instead, and her belief that the officers' insubordination was due to her sex. Complainant alleges that Respondent not only failed to take immediate and appropriate corrective action in response to her complaints, thereby allowing the behavior to continue, but then subjected Complainant to different treatment by disciplining her for alleged insubordination in May 2021, when she helped a recently-terminated female employee[1] pick up her final paycheck and return Respondent property.

Complainant alleges that after she raised concerns about gender discrimination, Respondent retaliated against her by revoking her overtime eligibility. Complainant alleges that she filed a complaint with BOLI's Wage and Hour Division ("WHD") on June 18, 2021, and notified Chief Rau that same day. Complainant alleges that Respondent retaliated against her for her BOLI complaint by placing her on an unspecified paid administrative leave on June 21, 2021. Complainant alleges that as of the filing date, she was still on administrative leave. Complainant alleges this constitutes a violation of ORS 659A.030; ORS 652.220; ORS 659A.203; and ORS 659A.199.

Respondent denies Complainant's allegations. Respondent claims that Complainant was paid $8,060.00 per month as lieutenant, approximately $600.00 per month more than the sergeant; and maintains that all salary schedules are dictated by the collective bargaining agreement, and not up to the City's discretion. Respondent denies that Complainant was disciplined or placed on administrative leave in retaliation for any protected activities. Respondent claims that Complainant was issued a letter of discipline for insubordination related to Molly Folkema's final paycheck, and was placed on administrative leave because Complainant inserted herself into a sexual harassment investigation, which "led to a complaint which formed part of the basis to open an investigation into" Complainant.

### IV.    Identity of Respondent(s)

1. Respondent City of Tillamook is a public body and is a person pursuant to ORS 659A.001(9).

### V.    Findings of Fact

1. Respondent City of Tillamook employs one or more persons in the State of Oregon and is an employer pursuant to ORS 659A.001(4)(a).

2. Complainant was hired in Respondent's police department in 1999, and was promoted to Sergeant in or around April 2012. Complainant was reclassified from Sergeant to the newly-created Lieutenant rank in or around July 2020. Complainant served as second in command in both roles.

---

[1] Molly Folkema, BOLI Case No. EEEMSH211230-42413.

**Bomar v. City of Tillamook et al.**
**USDC Case No. 3:23-cv-00046**
**Exhibit 1**
**Page 5 of 11**

**Civil Rights Division - Bureau of Labor and Industries**
**NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION**

3. Complainant is female. At all times relevant to the complaint, Complainant was the only sworn female officer employed by Respondent.

4. Complainant participated in multiple investigations related to Respondent employee Molly Folkema, including an investigation into allegations of sexual harassment made by Folkema against an officer and an investigation into Folkema's alleged misconduct.

5. Complainant reported concerns about gender discrimination on more than one occasion.

6. On June 18, 2021, Complainant filed a complaint with BOLI's Wage and Hour Division regarding unpaid overtime wages.

7. On June 21, 2021, Complainant was placed on administrative leave.

8. Complainant provided the following evidence in support of their allegations:

    a. A letter of expectation from Chief Ray Rau to Complainant, dated May 10, 2021, signed by Chief Rau on May 11, 2021 and by Complainant on May 10, 2021, outlining Chief Rau's professional expectations for Complainant in the role of Lieutenant, including the expectations that Complainant support and follow management decisions and respond to requests from management in a timely manner;

    b. An email from Complainant to Chief Ray Rau, dated June 18, 2021, reporting Complainant's belief that Respondent's decision to withhold overtime pay for her is unlawful, and notifying Chief Rau that she has filed a complaint with BOLI for violations of wage and hour laws;

    c. "Response to Letter of Expectation from Interim Chief Rau," dated June 18, 2021, signed by Complainant, reporting Complainant's belief that Respondent management has "systematically targeted women to drive them out of the force," at the direction of City Manager Nathan George, and reporting numerous, specific instances of alleged sex discrimination or harassment;

    d. An email from Nathan George to Jamy Christensen, Chief Rau, and other Respondent management, dated April 26, 2021, and forwarded to Complainant by Chief Rau on May 25, 2021, stating in relevant part that in order to conform with the Fair Labor Standards Act, effective May 1, 2021, all exempt employees will receive only their regular salary, and will no longer receive overtime pay;

9. Respondent submitted a written position statement in answer to this complaint, denying that Complainant was subjected to discrimination based on sex or retaliation based on any protected activity.

3 of 7                                          «CASENUMBER»

**Bomar v. City of Tillamook et al.**
**USDC Case No. 3:23-cv-00046**
**Exhibit 1**
**Page 6 of 11**

Civil Rights Division - Bureau of Labor and Industries
**NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION**

10. Respondent offered the following documentation in support of Respondent's defense(s):

   a. Lieutenant position description, with a salary range from $64,488 - $77,002 annually. The document does not mention anything about exempt/nonexempt status or overtime;

   b. From the relevant CBA, effective July 2020, the Non-Union Pay Scale (Exhibit A) identifying which non-represented positions are exempt and/or confidential, and providing salary information for each. The lieutenant position is classified as confidential, but is not marked as exempt;

   c. Written Reprimand issued to Complainant on June 16, 2021, for incidents of disobedience/insubordination, focusing primarily on Complainant's decision to deliver Molly Folkema's final paycheck to her, despite direction given to City Staff by Nathan George to withhold Folkema's paycheck until all city property had been returned. The reprimand also references several incidents involving Officer Chris Barnett, including an incident where Officer Barnett was found watching YouTube rather than helping another detective;

   d. Notice of Administrative Leave – Effective Immediately, dated June 21, 2021, notifying Complainant that a "complaint has been filed and an internal affairs investigation has been opened." The notice does not provide any information about the alleged complaint or the duration of the administrative leave.

11. On October 5, 2022, BOLI requested that Respondent provide:

   a) pay stubs or other documentation of actual monthly wages paid for Lt. Erica Bomar and Sgt. Nicholas Troxel for the period from July 1, 2020 – June 30, 2021;

   b) pay stubs or other documentation of actual monthly wages paid for Nicholas Troxel for the period from February 1, 2022 – August 31, 2022;

   c) Any/all emails or other written communication between Nathan George, Jamy Christensen, and Chief Rau from June 15, 2021 through June 22, 2021; and

   d) A copy of the complaint allegedly filed against Lt. Bomar that led to her administrative leave on June 21, 2021, including the date the complaint was filed.

12. In response to BOLI's request, Respondent provided:

4 of 7 «CASENUMBER»

**Civil Rights Division - Bureau of Labor and Industries**
**NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION**

    a. Pay information showing that Complainant was paid $98,490.77 gross wages as lieutenant; that Nicholas Troxel was paid $99,294.11 gross wages as sergeant for the same time period (July 1, 2020 – June 31, 2021), and was paid $62,554.22 for a six month period as lieutenant; and

    b. Responsive emails from the requested time period.

13. Respondent was unable or unwilling to provide any documentary evidence or additional information regarding the alleged complaint it received in June 2021 that led to Complainant being placed on administrative leave.

## VI. Summary

Pay information provided by Respondent and Complainant is substantial evidence that Complainant was paid less in her role as lieutenant ($98,490.77) than her male colleague, Nick Troxel, was paid in his lower rank as sergeant for the same time period ($99,294.11). The evidence also indicates that Nick Troxel was paid more after he was promoted to lieutenant -- $62,554.22 over six months compared to $98,490.77 annually – in or around February 2022 than Complainant was paid as lieutenant. The evidence indicates that Complainant's only comparator[2], a male, was paid more not only for work of a comparable character, but for work at a lower classification with fewer responsibilities and job duties. The Bureau of Labor and Industries finds substantial evidence that Respondent discriminated against Complainant in the payment of wages on the basis of sex.

Complainant alleges that Respondent further discriminated against her based on sex by treating her differently than her male counterparts with regards to discipline. Specifically, Complainant alleges that she was disciplined for alleged insubordination while her male subordinate employees were not. Respondent admissions are substantial evidence that Complainant reported insubordinate behavior by male officers who went outside the chain of command to avoid communicating with Complainant directly, and that Respondent responded by coaching, counseling, or simply encouraging the male officers to follow chain of command and respect Complainant's position. Respondent does not argue or provide any evidence that any male officers were disciplined as a result of their insubordination. The disciplinary letter issued to Complainant on June 16, 2021 is substantial evidence that Complainant, however, was disciplined for perceived insubordination when she refused to withhold an employee's final paycheck, an act that could have constituted a violation of wage and hour law were she to have followed

---

[2] Respondent employed only one sergeant and one lieutenant at all times relevant to the complaint.

**Civil Rights Division - Bureau of Labor and Industries**
**NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION**

Respondent's supposed directive[3]. Furthermore, Complainant was disciplined for incidents of insubordination attributed to other male officers, including Chris Barnett, who, according to Complainant's write up, failed to complete an investigation as directed and was instead found watching YouTube videos by Sgt. Troxel. Officer Barnett was not disciplined for this incident[4]. The evidence substantiates Complainant's allegation that she was treated differently based on sex.

Finally, Complainant's email to Chief Rau on June 18, 2021, is substantial evidence that she reported wage and hour violations, and notified Respondent that she had filed a BOLI complaint, and the notice of administrative leave issued to Complainant is substantial evidence that she was placed on leave pending investigation on June 21, 2021, just a few days after she was issued a letter of discipline. The notice of administrative leave does not include any information about the reason she is being placed on leave or the duration her leave, nor was Respondent able to provide any additional information or explanation regarding the alleged complaint that prompted the investigation. Respondent has been unable to provide a legitimate, nondiscriminatory reason for taking additional disciplinary action against Complainant just a few days after her disciplinary letter; therefore the Division finds substantial evidence that Complainant's administrative leave and the subsequent internal affairs investigation were retaliation for the BOLI complaint she filed just a few days prior.

## VII.    Determination(s)

The Bureau of Labor and Industries, Civil Rights Division, finds SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (discrimination in the payment of wages) on the basis of sex, in violation of ORS 652.220.

The Bureau of Labor and Industries, Civil Rights Division, finds SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (different terms and conditions of employment) on the basis of sex, in violation of ORS 659A030 (1) (b).

The Bureau of Labor and Industries, Civil Rights Division, finds SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation) on the basis of filing a wage complaint, in violation of ORS 652.355.

The Bureau of Labor and Industries, Civil Rights Division, finds SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation) on the basis of opposing unlawful practices under Chapter 659A, in violation of ORS 659A.030(1)(f).

---

[3] Respondent has not provided evidence that Complainant herself was ever directed to withhold the paycheck; rather, Respondent contends that other staff were directed to withhold the paycheck until the employee returned Respondent property and that Complainant refused to follow the directive other staff had been given.
[4] See Folkema EEEMSH211230-42413.

---

**Civil Rights Division - Bureau of Labor and Industries**
## NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

---

*/s/ Amanda Bartenstein*
Amanda Bartenstein
Senior Investigator
Civil Rights Division



January 6, 2023

ERICA BOMAR
C/O EMPLOYMENT LAW PROFESSIONALS
PO BOX 1309
SHERWOOD, OR 97140

RE:     Complainant:     Erica Bomar
        Respondent:      City of Tillamook
        Case #:          EPEMSX211014-42121
        EEOC #:          38D-2022-00055C

This letter is to inform you that the above-captioned complaint filed with the Civil Rights Division has been closed because the Complainant has withdrawn and informed us of intention to go to court.

The Civil Suit Notice for this case was issued on October 14, 2022. No further action will be taken by this agency.

If you wish to receive a copy of this file, you may place a request for public records online through our website www.oregon.gov/boli/publicrecords, or by calling 971-245-3844. There is no fee to receive a copy.

Sincerely,
CIVIL RIGHTS DIVISION
Administrative Support Unit

jl

**Date of Mailing**: January 6, 2023

cc:     Randy J Harvey, Complainant's Attorney

 Portland · Salem · Eugene

 oregon.gov/boli
Help@boli.oregon.gov

(971) 245-3844
Ore. Relay TTY: 711



**Bomar v. City of Tillamook et al.**
**USDC Case No. 3:23-cv-00046**
**Exhibit 1**
**Page 11 of 11**



VAL HOYLE
Labor Commissioner

December 29, 2022

ERICA BOMAR
C/O EMPLOYMENT LAW PROFESSIONALS
PO BOX 1309
SHERWOOD, OR 97140

RE:    Complainant:    Erica Bomar
       Respondent:     City Of Tillamook
       Case #:         EEEMSX220719-41021
       EEOC #:         38D-2022-00661

The Civil Rights Division has concluded the investigation and review of the above-cited case and has determined that there is substantial evidence to support the allegations of discrimination.

The complaint was dually filed under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act (ADEA), or the Americans with Disabilities Act (ADA), which are enforced by the U.S. Equal Employment Opportunity Commission (EEOC).

The Division will refer this matter to the Administrative Prosecution Unit for contested case hearing consideration and may facilitate an attempt to reach a reasonable settlement of this matter. Please see the enclosure with information on the conciliation process; however, no action is required from you at this time.

Complainant may have the right to withdraw this case at any time. Please see ORS 659A.875 regarding the time limitations that apply to any right the Complainant may have to file a civil action in circuit court.

NOTE: Pursuant to ORS 192.501(8), the Bureau cannot release a copy of the file until it is closed.  The above case is not yet closed.  Please take note of any enclosures sent with this letter.

Sincerely,
CIVIL RIGHTS DIVISION
Administrative Support Unit

jl


Enclosure(s) Information for Complainants receiving a Determination of Substantial Evidence
Substantial Evidence Determination

cc:    Andrew T Mittendorf, Complainant's Attorney

 Portland · Salem · Eugene

 oregon.gov/boli
Help@boli.oregon.gov

(971) 245-3844
Ore. Relay TTY: 711



**Bomar v. City of Tillamook et al.**
**USDC Case No. 3:23-cv-00046**
**Exhibit 2**
**Page 1 of 13**

## INFORMATION FOR COMPLAINANTS RECEIVING A
## DETERMINATION OF SUBSTANTIAL EVIDENCE
## OF AN UNLAWFUL PRACTICE OR
## UNLAWFUL EMPLOYMENT PRACTICE

**The Conciliation Process**

The investigation of this case has resulted in a determination of substantial evidence that an unlawful practice or unlawful employment practice occurred. The division may facilitate settlement negotiations between the Complainant and the Respondent, refer the matter directly to a contested case hearing, or administratively close the case

The Complainant and Respondent have the right to decline to enter into settlement negotiation or to reject any settlement offer made. However, if Complainant declines or otherwise fails to participate in the conciliation process, or rejects a settlement offer made by Respondent that the division considers to provide full remedy, the case may be administratively closed.

*Complainant has the right to withdraw the complaint from the division at any time and pursue the matter by filing a civil action in circuit court, <u>subject to statutory deadlines set forth in ORS 659A.875</u>.*

BOLI-facilitated **conciliation agreements** are voluntary, no-fault settlements. Conciliation agreements may provide for remedies to a complainant including but not limited to monetary payment for lost wages and pain and suffering, as well as employment or reinstatement of employment.

If Complainant and Respondent agree to settle the case, the division prepares a **conciliation agreement** for Complainant, Respondent and the division to sign. When the **conciliation agreement** is signed by all parties, the case is closed. If Complainant settles the case, Complainant does not have the right to file a civil suit in court on the same issues.

**Complainant's Options if Conciliation Fails**

1.  If conciliation fails, a division supervisor reviews the case to determine whether it is appropriate for a contested case hearing in BOLI's Administrative Prosecution Unit. If it is not, the division will inform Complainant and close the file. If a notice of Complainant's right to file a civil action in circuit court has not previously been issued, it will be issued at the time of case closure.

2.  If the division determines the case is appropriate for a contested case hearing, it is forwarded to the Administrative Prosecution Unit, where an administrative prosecutor reviews the case to determine if it is likely to prevail in a hearing. If the prosecutor finds it is not likely to prevail in a hearing, the prosecutor will so inform Complainant and close the file. If a notice of Complainant's right to file a civil action in circuit court has not previously been issued, it will be issued at the time of case closure.

3.  If the administrative prosecutor determines that the case is likely to prevail in a hearing, the prosecutor will so inform Complainant and will serve "specific charges" on Respondent. The prosecutor will represent the case in a contested case hearing. Complainants do not need an attorney to participate in a contested case hearing.

If wishing to consult with an attorney, you may contact the Oregon State Bar's Lawyer Referral Service at 503-684-3763 (Portland) or 800-452-7636. The Bureau is not permitted to make referrals to attorneys.

**Civil Rights Division - Bureau of Labor and Industries**
## NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

Complainant: Erica Bomar

Respondent:  City Of Tillamook

Case Number: EEEMSX220719-41021

Investigator:  Amanda Bartenstein

Filing Date:  July 19, 2022

Reviewed By: _____ Theodore E. Wenk

**DATE ISSUED**

DEC 29 2022

**CIVIL RIGHTS DIVISION**

### I.    Jurisdiction

Oregon Revised Statutes chapters 659A, ORS 25.337, 25.424, 171.120, 345.240, 441.184, 476.576, 651.060, 651.120, 652.355, 653.060 and 654.062, and Oregon Administrative Rules chapter 839 divisions 2, 3, 4, 5, 6, 9 and 10 authorize the Civil Rights Division to accept, investigate, amend, resolve and determine complaints alleging unlawful practices in employment, housing, places of public accommodation, state government and career, professional and trade schools.

Specific facts supporting a conclusion that the Division has jurisdiction over Respondent(s) are found below.

### II.    Synopsis

The Bureau of Labor and Industries, Civil Rights Division, finds substantial evidence of an unlawful practice based on sex, whistleblowing, opposing unlawful employment practices, and filing a BOLI civil rights complaint in that Respondent retaliated against Complainant and terminated her employment. ORS 659A.030 (1) (a) (f); ORS 659A.203; ORS 659A.355; ORS 652.355

### III.    Claim and Answer

On July 19, 2022, Complainant filed a complaint with the Civil Rights Division alleging an unlawful employment practice based on sex, whistleblowing, reporting/opposing unlawful practices, and filing a BOLI civil rights complaint in that Respondent retaliated against her and terminated her employment.

Complainant filed a civil rights complaint with the Division on October 14, 2021, alleging sex discrimination and whistleblower retaliation.[1] Complainant alleges that, as a

---

[1] See BOLI Case No. EPEMSX211014-42121.

Bomar v. City of Tillamook et al.
USDC Case No. 3:23-cv-00046
Exhibit 2
Page 3 of 13

Civil Rights Division - Bureau of Labor and Industries
## NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

continuation of the allegations in her initial complaint, and in retaliation for filing, Respondent retaliated against her by scheduling and holding an insufficient pre-dismissal hearing, terminating Complainant's employment for pretextual reasons, and reporting false information about Complainant to the Department of Public Safety Standards & Training ("DPSST"), effectively ending Complainant's career in law enforcement. Complainant alleges this constitutes a violation of ORS 659A.030 (1) (a) (f); ORS 659A.865; and ORS 659A.203.

Respondent denies that it engaged in unlawful employment practices. Respondent asserts that it terminated Complainant on November 22, 2021, following an investigation that found multiple instances of Complainant's conduct violating City and Department policies.

### IV.    Identity of Respondent(s)

1. Respondent City of Tillamook is a public body and is a person pursuant to ORS 659A.001(9).

### V.    Findings of Fact

1. Respondent City of Tillamook employs one or more persons in the State of Oregon and is an employer pursuant to ORS 659A.001(4)(a).

2. Complainant is female. At all times relevant to the complaint, Complainant was the only sworn female officer employed by Respondent.

3. On or about June 18, 2021, Complainant filed a complaint with BOLI's Wage and Hour Division regarding unpaid overtime wages.

4. On or about June 21, 2021, Complainant was placed on administrative leave.

5. On or about June 22, 2021, Officer Lynn Lothman was returned to work.

6. On October 14, 2021, Complainant filed BOLI Case No. EPEMSX211014-42121, alleging sex discrimination, including pay equity concerns; retaliation for filing a wage claim; and retaliation for whistleblowing, including opposition to unlawful employment discrimination against Respondent employee Molly Folkema[2], regarding her sexual harassment complaints against Officer Lynn Lothman.

7. On or about October 27, 2021, BOLI Case No. EPEMSX211014-42121 was opened and notification letters were mailed to Respondent.

---

[2] Ms. Folkema filed BOLI Case No. EEEMSH211230-42413 on December 30, 2021.

**Bomar v. City of Tillamook et al.**
**USDC Case No. 3:23-cv-00046**
**Exhibit 2**
**Page 4 of 13**

Civil Rights Division - Bureau of Labor and Industries
## NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

8. On or about November 15, 2021, Complainant received a Notice of Potential Termination from Respondent.

9. On or about November 17, 2021, Complainant attended a pre-dismissal hearing.

10. On or about November 22, 2021, Complainant's employment was terminated.

11. On or about November 24, 2021, Police Chief Raymond Rau submitted a Personnel Action-Separation F4s form to DPSST, stating that Complainant was terminated for violations of conduct, insubordination, unprofessionalism, and untruthfulness.

12. Complainant provided the following evidence in support of their allegations:

   a) Notice of Administrative Leave – Effective Immediately, dated June 21, 2021, notifying Complainant that a "complaint has been filed and an internal affairs investigation has been opened." The notice does not provide any information about the alleged complaint or the duration of the administrative leave.

   b) Internal Affairs Investigative Report into allegations against Complainant, written by Tim Doney, dated November 1, 2021, indicating that the investigation was triggered by complaints made by Officer Lothman's attorney that Complainant showed favoritism toward Molly Folkema during the sexual harassment investigation; showing approximately 19 witnesses interviewed; and sustaining or partially sustaining nine of the allegations against Complainant, and finding four not sustained, two unfounded, and one partially exonerated;

   c) Emailed copy of Complainant's Notice of Potential Termination, sent by Nathan George on November 15, 2021:

      i. summarizing the events that led to the investigation into Complainant, including a disciplinary meeting regarding alleged performance concerns and insubordination; Complainant's attorneys' rude behavior during the meeting; and allegations made by Officer Lynn Lothman that Complainant was biased and unprofessional during the investigation into Lothman's conduct, prompting an internal investigation into Complainant, which uncovered additional alleged and sustained violations. The letter specifically sates "While most of the allegations towards Officer Lothman resulted in being unfounded, there were multiple accounts of policy violations, misconduct, and lack of respect and professionalism in the workplace among your colleagues, superiors, subordinates, and with the public in general";

      ii. identifying specific areas of misconduct, including Respondent's position that Complainant made "false accusations" against Chief Rau when she reported to Nathan George that she did not feel supported in

Bomar v. City of Tillamook et al.
USDC Case No. 3:23-cv-00046
Exhibit 2
Page 5 of 13

her position as lieutenant and asked for help; blamed others for her actions; sometimes arrived late or left her shift early; had an inappropriate relationship with Detective Barnett and Molly Folkema; and concerns regarding Complainant's behaviors that occurred after she was placed on administrative leave;

    iii.    outlining the "Internal Affairs Investigation Sustained Results Summary" from the investigation into Complainant; and

    iv.    notifying Complainant that she could defend herself at her due process meeting, scheduled for November 17, 2021, or submit a written response by that date.

d) Complainant's termination letter, dated November 22, 2021, signed by Nathan George, explaining that because Complainant did not take responsibility for all of the violations sustained by the investigation, and because she did not mention that she would like to remain employed by Respondent, her employment was terminated, effectively immediately; and

e) DPSST Personnel Action-Separation F4s form, completed by Chief Raymond Rau on November 24, 2021, reporting that Complainant was terminated from employment on November 11, 2021, after an Internal Affairs investigation sustained "numerous policy violations for Conduct, Insubordination and Unprofessionalism along with many findings of Untruthfulness.

13. Respondent submitted a written position statement in answer to this complaint. Respondent denies that Complainant was terminated as a result of her sex, reports about or opposition to sex discrimination, or filing BOLI complaints. Respondent asserts that Complainant was placed on administrative leave on June 21, 2021 in response to a complaint it received about Complainant's conduct. Respondent states that it received notice of Complainant's wage and hour complaint on August 6, 2021, not June 18, 2021, as Complainant asserts. Respondent denies that it gave Complainant insufficient time or documentation to prepare for her due process meeting on November 17, 2021. Respondent asserts that Complainant was already under investigation by Internal Affairs when she filed BOLI Case No. EPEMSX211014-42121 in October 2021, and that her termination was a result of the investigative findings, not her BOLI complaints.

Finally, Respondent denies that its statements to DPSST were false or retaliatory. Respondent asserts that the "untruthfulness" referenced in the F4s form was based on Respondent's perception that Complainant made "multiple inaccurate statements to BOLI" in her first civil rights complaint[3], including: 1) that Complainant inaccurately characterized her involvement in the conflict between Molly Folkema and Respondent when she stated that she "noticed" there was an issue and "stepped in" to "facilitate" Folkema collecting her final paycheck; 2)

---

[3] EPEMSX211014-42121

**Bomar v. City of Tillamook et al.
USDC Case No. 3:23-cv-00046
Exhibit 2
Page 6 of 13**

Civil Rights Division - Bureau of Labor and Industries
## NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

claiming her wage and hour complaint was filed on June 18, 2021, when the notice from BOLI stated August 6, 2021; 3) claiming that she was not interviewed by Respondent's investigator, when she had been interviewed on September 20, 2021; and 4) stating that Chief Rau "diminished her command duties" by assigning her clerical tasks not suited to her position as Lieutenant.

14. Respondent offered the following documentation in support of Respondent's defense(s)[4]:

    a) Notice of Tort Claim regarding Complainant's wage claim filed with BOLI's Wage and Hour Division, which was received on August 6, 2021 for overtime wages for work performed from May 1, 2021 to May 31, 2021;

    b) Declaration of Raymond Rau, asserting that Complainant had been performing menial tasks and clerical work when he was hired, and that he instructed Complainant to do the officer schedule, purchasing approval for the department, create job descriptions for the ordinance officer and executive assistant, reinforce the chain of command by using titles/ranks, maintain professionalism in all communications, work with dispatch to migrate to the ShieldFroce application, conduct employee performance reviews, review criminal reports before they went to the DA's office, and act as an on-call supervisor. The declaration also admits that Rau received an email from Complainant in June 2021 regarding her filing a wage claim with                                                                          BOLI;

    c) Written Reprimand issued to Complainant on June 16, 2021, for incidents of disobedience/insubordination, focusing primarily on Complainant's decision to deliver Molly Folkema's final paycheck to her, despite direction given to City Staff by Nathan George to withhold Folkema's paycheck until all city property had been returned. The reprimand also references several incidents involving Officer Chris Barnett, including an incident where Officer Barnett was found watching YouTube rather than helping another detective; and

    d) "Response to Letter of Expectation from Interim Chief Rau," dated June 18, 2021; signed by Complainant; reporting Complainant's belief that Respondent management has "systematically targeted women to drive them out of the force," at the direction of City Manager Nathan George; reporting numerous, specific instances of alleged sex discrimination or harassment; and opposing George's unlawful withholding of Folkema's

---

[4] Respondent's documentation included many of the same documents provided by Complainant and already described in detail above. Those documents will not be listed here.

Civil Rights Division - Bureau of Labor and Industries
## NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

final paycheck, and his order to staff to violate the law by complying with the unlawful expectation.

15. On June 2, 2022, BOLI requested that Respondent provide documents related to BOLI Case No. EEEMSH211230-42413, filed by Molly Folkema. Included in Respondent's response to the request were:

   a) The investigative report resulting from the investigation into Officer Lynn Lothman, indicating that Lothman, Folkema, Wright, Bomar, and the Tillamook County District Attorney were interviewed or "spoken with" during the investigation, and finding eight sustained policy violations and four not sustained violations; and

   b) Notice of Pre-Disciplinary Hearing, signed by Nathan George, dated June 7, 2021, notifying Lothman that his pre-disciplinary hearing is scheduled for June 16, 2021, indicating a proposed 5-day suspension without pay due to recent prior discipline and "the serious nature of the current allegations," briefly outlining the sustained violations, and noting that the complete investigative report is attached; and

   c) Determination of Discipline – Written Reprimand, signed by Nathan George; dated June 22, 2021; outlining the sustained violations discussed during the June 16 meeting; stating that based on Lothman's statements, George determined "the potential 5-day suspension was too severe," and the written reprimand would be more appropriate; and instructing Lothman to return to work June 22, 2021.

16. BOLI Civil Rights Division obtained the BOLI Wage and Hour Complaint filed submitted by Complainant on June 18, 2021, reporting that Respondent improperly removed overtime from her May 2021 timesheets, and is unlawfully denying her overtime moving forward.

## VI.  Summary

Complainant alleges Respondent retaliated against her for reporting/opposing sex discrimination, whistleblowing, and filing a wage claim, by placing her on administrative leave, scheduling and holding an insufficient pre-dismissal hearing, terminating her employment, and knowingly reporting false information about her to DPSST. Respondent asserts that Complainant was placed on administrative leave after it received a complaint about Complainant's conduct, and that she was terminated after an independent investigation found multiple sustained policy violations.

6 of 10                                                          «CASENUMBER»

Civil Rights Division - Bureau of Labor and Industries
## NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

Complainant bears the burden of proof to show through substantial evidence that her protected class(es) and activities were a motivating factor in an any adverse employment action by Respondent. Here, the record favors Complainant.

The evidence establishes, and both parties agree, that Complainant was involved in the decision to escalate Molly Folkema's sexual harassment complaint against Officer Lynn Lothman to the Oregon State Police for investigation; that Complainant assisted Ms. Folkema in collecting her final paycheck; and that Complainant reported that she herself was being treated differently based on sex, most recently in her June 18, 2021 Response to Letter of Expectation,[5] all of which constitute opposition to unlawful employment discrimination as protected under ORS 659A.030(1)(f). The evidence establishes that Complainant engaged in protected activities when she filed a BOLI wage and hour complaint and notified Respondent of its filing on June 18, 2021, and in the same June 18 letter mentioned above, Complainant also opposed Nathan George's unlawful withholding of Folkema's final paycheck.

Both parties agree that Complainant was placed on paid administrative leave pending investigation on June 21, 2021. The temporal proximity between Complainant's wage and hour and sex discrimination complaints (June 18) and her being placed on leave is substantial evidence that Respondent's actions were motivated, at least in part, by Complainant's protected activities. Respondent maintains that the action was based on a new complaint it received, not Complainant's protected activities. However, the record establishes that the complaint to which Respondent refers was made by Officer Lothman's attorney during Lothman's pre-discipline hearing on the morning of June 16, 2021, the same day that Complainant was issued a written reprimand, indicating that Respondent would have already had knowledge of the allegation when it met with Complainant on June 16, but did not act on the complaint until after learning of Complainant's wage claim and June 18 letter, and one day before Officer Lothman was returned to work (June 22). Further, the notice of administrative leave given to Complainant does not provide a reason that she is being placed on leave, and Respondent has provided no contemporaneous documentation or other evidence that it had a legitimate, nondiscriminatory reason to initiate an investigation into Complainant on June 21, 2021. Finally, the investigative report is evidence that Lothman's attorney's "complaint regarding Bomar's behaviors and actions in the Lothman case" was only one of three reasons given for the investigation, the other two being Complainant's behavior *after* she was placed on administrative leave, and complaints that she treated some employees more favorably than others, which appear to have been brought by Sergeant Troxel and other Lothman allies, again, *after* Complainant was placed on administrative leave.[6] The evidence indicates that Complainant was placed on leave in retaliation for her protected complaints, and that Respondent's stated reason is pretext.

---

[5] As addressed more in depth in BOLI Cases EPEMSX211014-42121 and EEEMSH211230-42413.

[6] Though not evidence of Respondent's original motive for the investigation, it is worth noting that the investigation exonerated or did not sustain most of the allegations stemming from Lothman's complaints

**Civil Rights Division - Bureau of Labor and Industries**
## NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

The investigative reports about and due process notices issued to Complainant and Lothman are substantial evidence that Respondent treated Complainant differently than other similarly situated employees based on her sex and protected complaints. Both Lothman and Complainant were placed on administrative leave and investigated by the same outside investigator; both were issued due process notices at the conclusion of the investigations. However, the investigation into Lothman was limited in scope to the original complaints made by Folkema, and did not interview any witnesses outside of Lothman, Folkema, and Chief Wright (though the investigator did speak with a few others). On the other hand, the investigation into Complainant included interviews with at least 19 members of the department and outside entities, who were asked leading questions about any potential policy violations by Complainant they might have knowledge of, and indicates that the investigator followed up on complaints raised by witnesses during the investigation about incidents that had occurred in the past, sometimes as far back as ten years.

At the conclusion of his investigation, Lothman was given nine days' notice before his hearing and was provided a full copy of his investigative report along with his notice, while Complainant was given only two days and was not provided a copy of the investigative report until the day before her hearing, after Complainant's attorneys requested a copy. Furthermore, Complainant's due process notice incorrectly states that "most of the allegations towards Officer Lothman resulted in being unfounded," and incorrectly implies that the same investigation instead turned up evidence of Complainant's misconduct. None of the allegations against Lothman were unfounded and most (eight of 12) were sustained, with four being not sustained. Conversely, some of the allegations against Complainant were determined to be unfounded[7] and lacking credibility, and nine of the 15 allegations were sustained or partially sustained. Complainant's investigation sustained only one more violation than Lothman's, despite the increased scrutiny and unduly broad scope of the investigation into Complainant, but resulted in Complainant's termination, while Lothman received only a written reprimand and was immediately reinstated, despite the serious violations sustained by the investigation into his conduct towards Molly Folkema, his existing disciplinary record, and the investigator's findings that Lothman was unwilling to accept accountability for his actions (as further evidenced by his allegations against Complainant during his disciplinary hearing). Conversely, Complainant was terminated by Nathan George for allegedly refusing to take responsibility for her actions, despite the fact that the investigator found Complainant to be candid and honest. The different treatment applied to Lothman and Complainant in their investigations and resulting disciplinary actions is

---

about Complainant's conduct, and sustained only that she had shown partiality towards Folkema in private text messages between Complainant and Folkema. The investigation found no evidence that her beliefs had any bearing on the outcome of the criminal and administrative investigations into Lothman or that she acted improperly by escalating the complaint to the Oregon State Police.

[7] At least one of the unfounded allegations was brought by Sergeant Troxel, who was characterized as untruthful and not credible by other neutral witnesses, who had no reason to lie. Troxel was promoted to lieutenant after Complainant was terminated.

**Bomar v. City of Tillamook et al.**
**USDC Case No. 3:23-cv-00046**
**Exhibit 2**
**Page 10 of 13**

Civil Rights Division - Bureau of Labor and Industries
## NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

substantial evidence that Respondent's stated reasons for its actions were a pretext, as Lothman was not terminated and was treated better despite engaging in more egregious behavior than Complainant, and that Respondent terminated Complainant based on her sex and her protected reports.

Finally, the evidence indicates that Respondent falsely stated that Complainant was found to be untruthful on the DPSST F4s in retaliation for Complainant's protected BOLI complaints. Respondent admits in its position statement that the investigation found multiple policy violations, but that the findings of untruthfulness arose from statements made in her first BOLI civil rights complaint, as enumerated in Section V.13 above. Two of Respondent's claims of untruthfulness – that Complainant lied about the date of her wage and hour complaint and lied about being interviewed by an investigator – are directly contradicted by the evidence, which supports that Complainant contacted BOLI's Wage and Hour Division on June 18 and that Complainant was referring to not being interviewed as part of the investigation that supposedly resulted in her first written warning (as referenced in the written warning). There is no evidence that such an investigation took place, and certainly no evidence that Complainant was interviewed as part of it. The other alleged inaccuracy – that Complainant wrote that she "noticed" Folkema having an issue instead of stating she received a text message from Folkema alerting her to the issue – is an overdetermined interpretation of a statement written by Complainant's attorneys, intended to summarize events and allegations. Complainant was honest about what transpired and how she became aware of the situation at interview with BOLI. Finally, Complainant's claim that Chief Rau diminished her command duties as lieutenant by assigning her menial and clerical tasks, constitutes an allegation of sex discrimination. Chief Rau may disagree with Complainant's allegation against him, but that does not make the allegation untrue. Without an investigation into the allegation, his opinion is no more valid than Complainant's. Respondent's admission that Chief Rau was thinking about Complainant's BOLI complaint when he filled out the DPSST form, and unilaterally determining that allegations therein were false without investigating them or waiting for the BOLI investigation to conclude, is substantial evidence that he knowingly made a false statement to DPSST when he stated that there were "many findings of untruthfulness" in order to retaliate against Complainant for filing BOLI complaints.

«CASENUMBER»

Civil Rights Division - Bureau of Labor and Industries
## NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

### VII.    Determination(s)

The Bureau of Labor and Industries, Civil Rights Division, finds SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (different terms and conditions of employment, termination on the basis of sex), in violation of ORS 659A.030 (1) (a) (b).

The Bureau of Labor and Industries, Civil Rights Division, finds SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for reporting/opposing unlawful discrimination), in violation of ORS 659A.030 (1) (f).

The Bureau of Labor and Industries, Civil Rights Division, finds SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for filing BOLI civil rights complaints and wage claims), in violation of ORS 659A.203; ORS 652.355; and ORS 659A.355.

/s/ *Amanda Bartenstein*
Amanda Bartenstein
Senior Investigator
Civil Rights Division

«CASENUMBER»

**Bomar v. City of Tillamook et al.**
**USDC Case No. 3:23-cv-00046**
**Exhibit 2**
**Page 12 of 13**



January 6, 2023

ERICA BOMAR
C/O EMPLOYMENT LAW PROFESSIONALS
PO BOX 1309
SHERWOOD, OR 97140

RE:    Complainant:    Erica Bomar
       Respondent:     City of Tillamook
       Case #:         EEEMSX220719-41021
       EEOC #:         38D-2022-00661

This letter is to inform you that the above-captioned complaint filed with the Civil Rights Division has been closed because the Complainant has withdrawn and informed us of intention to go to court.

NOTICE OF RIGHT TO FILE A CIVIL SUIT
This is your 90-day notice letter. Although this case has been closed, pursuant to ORS 659A.880, you, the Complainant, may file a civil action against the Respondent under ORS 659A.885 within 90 days after the date of mailing of this 90-day notice. Any right to bring a civil action against the Respondent under ORS 659A.885 will be lost if the civil action is not commenced within 90 days after the date of the mailing of this 90-day notice. *Note: If the complaint was a public accommodations case filed under ORS 659A.403 or 659A.406, the right to file suit in state circuit court expires one year from the date of the alleged violation.*

Further, if the Respondent is a public entity, to preserve the right to file a suit in state circuit court, the Complainant must also comply with the Oregon Tort Claims Act (ORS 30.260 to 30.300). Complainants interested in protecting these rights, should consult an attorney immediately regarding the requirements for filing. The Oregon State Bar referral number for Portland is 503-620-0222 or 800-452-7636.

If your case involves an Occupational Safety and Health Administration (OSHA) retaliation complaint, Complainants who choose to withdraw their case to federal or state court will forfeit their rights to appeal this Oregon Bureau of Labor and Industries determination with OSHA.

If you wish to receive a copy of this file, you may place a request for public records online through our website www.oregon.gov/boli/publicrecords, or by calling 971-245-3844. There is no fee to receive a copy.

Sincerely,
CIVIL RIGHTS DIVISION
Administrative Support Unit

**Date of Mailing: January 6, 2023**

cc:    Andrew T Mittendorf, Complainant's Attorney

 Portland · Salem · Eugene      oregon.gov/boli
Help@boli.oregon.gov      (971) 245-3844
Ore. Relay TTY: 711